JAMES H. KEELER

v.

HIERO B. HERR et al.

*Filed at Ottawa April 1, 1895—Rehearing denied October 15, 1895.*

1. TRIAL—*duty of court to construe contract for the jury.* The question of performance of a written contract to construct a dock should not be submitted to the jury without any construction of the contract by the court.

2. CONTRACT—*substantial performance of building contract sufficient.* Literal compliance with the specifications for a structure is not necessary to recovery by a contractor who has made a substantial performance in good faith, but the necessary expense of conforming the work to the requirements of the contract should be deducted from the contract price.

3. APPEALS AND ERRORS—*when erroneous instructions will not reverse.* Errors in instructions will not require a reversal where substantial justice is done by following other instructions which were correct.

*Keeler v. Herr,* 54 Ill. App. 468, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

FLOWER, SMITH & MUSGRAVE, for appellant:

The instructions are erroneous in stating that if the contract had been substantially performed then the plaintiffs (appellees) were entitled to recover the contract price. *Estep* v. *Fenton,* 66 Ill. 467; *Taylor* v. *Beck,* 13 id. 376; *Insurance Co.* v. *Eddy,* 49 id. 106.

It is error to assume facts in an instruction. *Railroad Co.* v. *Zaney,* 112 Ill. App. 594; *Bradley* v. *Coolbaugh,* 91 Ill. 148; *Railroad Co.* v. *Robinson,* 106 id. 142.

A case will be reversed when the instructions given are inconsistent. *Quinn* v. *Donovan,* 85 Ill. 194; *Railroad Co.* v. *Payne,* 49 id. 499; *Leyenberger* v. *Paul,* 12 Ill. App. 635.

GREGORY, BOOTH & HARLAN, for appellees.

| 157 | 57 |
|-----|----|
| 65a | 299 |
| 157 | 57 |
| 70a | 74 |
| 70a | 159 |
| 157 | 57 |
| 173 | 228 |
| 157 | 57 |
| 77a | 208 |
| 157 | 57 |
| 81a | 321 |
| 157 | 57 |
| 88a | 489 |
| 157 | 57 |
| 186 | 386 |
| 157 | 57 |
| f92a | 3490 |
| f188 | 2525 |
| 157 | 57 |
| f93a | 1301 |
| 157 | 57 |
| 192 | 2347 |
| 157 | 57 |
| 202 | 2492 |
| 157 | 57 |
| 211 | 2 92 |

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

Appellees sued appellant to recover a balance which they claimed he owed them for constructing a certain dock. The declaration is in assumpsit, setting up a contract between the parties, whereby plaintiffs agreed to build 1650 feet of dock on the Calumet river for defendant, according to plans and specifications named in the contract, the defendant to pay them therefor $7.25 per lineal foot,—$2500 to be paid when 500 feet of the work was completed, $3000 on the completion of 1000 feet, $3000 on the completion of 1500 feet and the balance when the whole was finished. Performance of the contract on the part of plaintiffs and a refusal by the defendant to pay were properly averred. Issue being joined on pleas of non-assumpsit and non-performance of the contract, a trial by jury resulted in a verdict and judgment for the plaintiffs for $10,835.20. On defendant's appeal the Appellate Court affirmed that judgment, and he now brings the record to this court.

There was no controversy between the parties, on the trial, except as to whether the dock had been constructed in conformity with the contract Plaintiffs offered evidence to the effect that they completed the work according to the agreement on the 21st of November, 1890, and that there was then due them in payment for the same a balance of $9962.50, the sum of $2000 having been paid during the progress of the work. The amount claimed to be due was denied by the defendant on the sole ground that the material used and manner of constructing the dock did not conform to the terms of the contract.

No error is assigned upon the admission or exclusion of testimony. A reversal is urged upon no other ground than that the jury were erroneously instructed at the instance of the plaintiffs, to the prejudice of the defendant. These instructions, in effect, directed the jury, that if the evidence showed that the plaintiffs constructed

the dock "*in substantial conformity to their contract*," then they were entitled to recover the contract price, leaving the jury to determine whether there had been such a substantial performance. We think the instructions are erroneous, both because they allow plaintiffs to recover the full contract price upon proof of a "*substantial performance*" of their contract, and because they submit to the jury the question of performance, without any construction of the contract by the court. *Taylor* v. *Beck,* 13 Ill. 376 ; *Estep* v. *Fenton,* 66 id. 467.

That some of those instructions are justly subject to the last of these objections is not denied by counsel for appellees, but it is insisted that appellant's instructions are subject to the same objection, and that he cannot, therefore, take advantage of the error, citing *Calumet Iron and Steel Co.* v. *Martin,* 115 Ill. 358, and *Northern Line Packet Co.* v. *Binninger,* 70 id. 571. There is force in this position, but we think the judgment of the circuit court should be affirmed on the more substantial and meritorious ground that it clearly appears that the error complained of worked no injury to appellant. All the instructions given on behalf of the plaintiffs went upon the theory that they were entitled to recover the entire contract price. Those given for the defendant, except the fourth, are to the effect that they could only so recover upon proof that they had fully performed the contract. But the defendant's fourth instruction is in the following language :

"The jury are instructed, that under the written contract in evidence the defendant was entitled to have erected such a dock as was called for by the terms of the contract, and even though the jury may believe that there has been a substantial performance of the terms of the contract by the plaintiffs, yet, nevertheless, if the jury believe that the terms have not been fully complied with, the jury should allow to the defendant such sum or sums as, from the evidence, they may believe are rea-

sonable and proper to enable the defendant to complete the dock in the manner stipulated for in the contract."

This instruction correctly states the law applicable to the facts of the case, and we think it clearly appears that the jury followed it in making the verdict. In contracts like the one in suit, sometimes called "building contracts," a literal compliance with the specifications is not necessary to a recovery by the contractor. A substantial performance, in good faith, is sufficient. As was said in *Sinclair* v. *Talmadge*, 35 Barb. 602: "If there has been no willful departure from the terms of the contract, or omission in essential points, and the laborer has honestly and faithfully performed the contract in all its material and substantial particulars, he will not be held to have forfeited his right to remuneration by reason of mere technical, inadvertent or unimportant omissions or defects. The law imposes no such liability and enforces no such penalty." *Glacius* v. *Black*, 50 N. Y. 145, is to the same effect, and in *Crouch* v. *Gutman*, 134 id. 45, it is said: "Then slight defects, caused by inadvertence or unintentional omissions, are not necessarily in the way of recovery of the contract price, less the amount, by way of damages, requisite to indemnify the owner for the expense of conforming the work to that for which he contracted." See, also, *Linch* v. *Paris Lumber Co.* 80 Tex. 23; *Flaherty* v. *Minor*, 123 N. Y. 382; *Gallaher* v. *Sharpless*, 134 Pa. St. 134; *Moore* v. *Carter*, 146 id. 492; *Leeds* v. *Little*, 42 Minn. 414; *Ætna Iron Works* v. *Kossuth Co.* 79 Iowa, 40.

But counsel for appellant insist that the jury did not obey that instruction, but followed those given on behalf of plaintiffs. As above stated, plaintiffs claimed there was due them on the completion of the work, November 21, 1890, $9962.50, and it is not denied by defendant that if the work and material had been as good as contracted for, plaintiffs would, by the terms of the agreement, have been entitled to recover that amount as of that date. By the statute in force when the contract

was entered into and when payment should have been made, plaintiffs were entitled to interest on the amount due, at the rate of six per cent per annum to the date of the recovery, and they made that claim on the trial. Herr testified the balance due, including interest at six per cent, was $11,504.76. It was admitted that defendant was entitled to a credit of $150 for posts not put in, by agreement of parties, so that the actual amount claimed by plaintiffs at the trial was $11,354.76. The verdict ($10,835.20) was therefore $519.56 less than the amount which plaintiffs insisted was due them, and this difference can, in our view of the evidence, be accounted for only upon the theory that the jury allowed interest on the claim of plaintiffs, and allowed the defendant damages for defective material and construction. It is true the jury were not specifically instructed on the subject of interest, but that the third instruction, given at the request of plaintiffs, to the effect that if they had substantially performed the contract on their part they were entitled to recover the contract price, less a reasonable allowance for "snubbing posts," amounted to a disclaimer to interest on the amount due, as contended by counsel for appellant, cannot be maintained. That instruction, as well as others given at plaintiffs' request, was, as already said, intended to direct the jury to allow them the full contract price, on proof of *substantial* performance. If they were entitled to that price under the contract, the statute gave them the right to interest from the time the money became due, by the terms of the written agreement. The third instruction in no proper sense waived that right. It seems clear that the jury did allow interest, because in no other way, consistent with the evidence, could the amount of the verdict have been reached. This, counsel for appellant concede, but they attempt to account for the reduction of plaintiffs' claim upon the supposition that but five per cent interest was allowed, and that only from the commencement of

the suit to the date of the verdict. The exact amount of the verdict cannot be reached even in that way, but no evidence was offered by either party upon which interest could have been so computed, neither did the law authorize it.

On the whole case we think the conclusion is irresistible that the verdict of the jury was reached by following the directions of the court as given in defendant's fourth instruction. That being so, an affirmance of the judgment below must follow, notwithstanding the errors in other instructions, because they were harmless. We are also of the opinion that, from all the evidence in this record, substantial justice is done the defendant by the verdict of the jury and judgment of the circuit court, and that he could not reasonably expect a more favorable result if allowed another trial.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*