## William J. Mayer v. C. H. Mitchell & Co.

1. PLEADING—*When the Common Counts are Sufficient.*—In an action for the price of a freight elevator put into a building under a contract with the defendant the common counts in assumpsit are an appropriate declaration.

Mayer v. Mitchell & Co.

2. RECOUPMENT—*Under the General Issue.*—Damages for delay in completing work under a contract may be recouped under the general issue.

**Assumpsit.**—Common counts.    Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding.    Heard in this court at the March term, 1895.    Affirmed.    Opinion filed June 3, 1895.

### STATEMENT OF THE CASE.

This action is based upon a contract dated the 5th day of May, 1892, for placing in the building of appellant an elevator, according to certain specifications provided, for which he was to pay $560.    By the contract the elevator was to be all completed and in running order May 25, 1892.

Appellee did not complete the work within the time specified in the contract, nor until the 10th of June thereafter, making a delay of about sixteen days.    Appellant had leased the premises, providing in his lease for the elevator. His tenant could not beneficially use the premises without the elevator; he therefore refused to pay rent during the time the elevator was delayed, and appellant was compelled to allow him therefor $125.    Appellant tendered to appellee $435 in full settlement, claiming $125 damages on account of his failure to perform his contract.    Appellee refused to allow the $125, and brought suit.   ·

WEIGLEY, BULKLEY, GRAY & EASTMAN, attorneys for appellant.

SHERMAN & BURTT, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued for the price of a freight elevator put into a building under a contract with the appellant.    The contract price was $560 and the elevator was to be complete several days before it was so in fact.

The appellant allowed to his tenant a deduction of $125 from the rent because of this delay.

The declaration was the common counts in assumpsit, which was appropriate.   Taylor v. Renn, 79 Ill. 181; Lucas v. Googwinn, 4 Scott 502; S. C., 3 Bing. N. C. 737; 32 E. C. L. 340; Fowler v. Deakman, 84 Ill. 130; Gottschalk v. Smith, 54 Ill. App. 341.

Damages for delay could be recouped under the general issue.   Cook v. Breble, 80 Ill. 381.

But such damages must be proved.   The mere fact that the appellant had allowed to his tenant a certain sum was no such proof.   The failure of the appellant to comply with his covenant to furnish his tenant with the use of an elevator did not suspend the rent of the demised premises.

The tenant was doubtless entitled to a reduction of his rent of so much as that failure diminished the rental value, but no more.   Priestly v. North Ind. and Chi. R. R., 26 Ill. 205.

There being no proof applicable to the damages which the appellant was entitled to recoup, the verdict was properly for the contract price.   As the appellant had no ground upon which to ask a new trial, the refusal by the court to entertain his motion for one, did him no harm, and the judgment is affirmed.