## Joseph A. Shepard v. John W. Mills, Joseph C. Berry and Thomas Berry.

1. COMMON COUNTS—*When Recovery May Be Had Under.*—Where, under a special contract, nothing remains to be done but to pay what is due under the agreement, a recovery can be had under the common counts.

2. CONTRACTS—*Waiver of Conditions of.*—A condition in a contract of sale as to the passing of title, being for the benefit of the vendor, can be waived by him.

3. SAME—*Slight Defects in the Performance of.*—Slight defects in work, caused by inadvertence or unintentional omissions, are not necessarily in the way of recovery of the contract price, less the amount by way of damages requisite to indemnify the owner for the expense of conforming the work to that for which he contracted.

4. SAME —*Slight Defects in the Performance of—The Rule Applied.*— Under a contract to put in a heating apparatus with certain stubs, etc.,

if there has been no willful departure from the terms of the contract, or omission in essential points, and the laborer has honestly and faithfully performed the contract in all its material and substantial particulars, he will not be held to have forfeited his right to renumeration by reason of mere technical, inadvertent or unimportant omissions or defects. The law imposes no such liability and enforces no such penalty.

5. PLEAS—*May Be Read to the Jury.*—While what is stated in one unverified plea is not evidence in refutation or support of another plea, nevertheless, it is proper to read pleas to the jury for the purpose of informing them what the issues are which they are to try.

Assumpsit, for work and material used in constructing a heating apparatus. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

F. W. BECKER, attorneys for appellant.

CARL R. LATHAM and ROBERT N. HOLT, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit brought to recover an amount claimed to be due for putting a heating apparatus in the premises of appellant. There was a finding and judgment for the plaintiff.

Where, under a special contract, nothing remains to be done but to pay what is due under the agreement, a recovery can be had under the common counts. Mayer v. Mitchell, 59 Ill. App. 26; Gottschalk v. Smith, 54 Ill. App. 341; 1 Chitty's Pl. 350, note f.

Whether the contract under consideration had been performed by appellees, as well as whether title to the apparatus had passed, were questions which, so far as they depended upon facts, have been found against the contention of appellant.

That the condition as to the passing of title, being for the benefit of appellees, the vendors, could be waived by appellees is apparent.

The court, at the instance of the plaintiff, gave the following instruction:

" 3. The court instructs the jury that if they believe from the evidence that the plaintiffs erected and put in the defendant's store building a heating apparatus in accordance with the terms of the contract offered in evidence, and performed their side of said contract in all substantial respects, and that said apparatus heated the rooms and apartments to be heated to the required degree of temperature, the defendant then became liable to pay the amount specified in said contract to be paid for said plant, less whatever damages, if any, the evidence may show the defendant to have sustained by reason of any breach (if the evidence shows such breach) of the guarantee in said contract, so far as such damages, if any, are claimed and alleged in defendant's plea of set-off."

It is urged that this instruction is erroneous in that it allowed a recovery if the plaintiffs had performed " their side of the contract in all substantial respects." In Estep v. Fenton, 66 Ill. 467; Taylor v. Beck, 13 Ill. 376, and Keeler v. Herr, 157 Ill. 57, such instructions were held to have been improperly given.

It is manifest that upon a promise to pay one thousand dollars, or sell one thousand bushels of corn or "my bay horse Jim," or " all the sheep on my farm," there must be an exact fulfillment, because the contract is such an one that it is easy not only to exactly fulfill, but easy to ascertain whether there has been such performance.

In a contract to build a house according to plans and specifications, or to put in a heating apparatus with certain stubs, radiators, coils, pipes, plates, valves, heaters, cocks, tanks, tools, etc., guaranteed with certain care and use to heat a certain space, if there has been no willful departure from the terms of the contract, or omission in essential points, and the laborer has honestly and faithfully performed the contract in all its material and substantial particulars, he will not be held to have forfeited his right to remuneration by reason of mere technical, inadvertent or unimportant omissions or defects. The law imposes no such liability and enforces no such penalty. Glacius v. Black, 50 N. Y. 145; Crouch v. Gutman, 134 Id. 45.

Shepard v. Mills.

Slight defects, caused by inadvertence or unintentional omissions are not necessarily in the way of recovery of the contract price, less the amount, by way of damages, requisite to indemnify the owner for the expense of conforming the work to that for which he contracted. Linch v. Paris Lumber Co., 80 Tex. 23; Flaherty v. Minor, 123 N. Y. 382; Gallagher v. Sharpless, 134 Pa. St. 134; Moore v. Carter, 146; Id. 492; Leeds v. Little, 42 Minn. 414; Ætna Iron Works v. Kossuth Co., 79 Ia. 40; Keeler v. Kerr, 157 Ill. 57.

It is true, as urged by the defendant, that what is stated in one unverified plea is not evidence in refutation or support of another plea; nevertheless, it is not improper to read pleas to the jury for the purpose of informing them what the issues are which they are to try.

We do not think that the statements by appellant, contained in letters to appellee as to taking out the plant, amounted to a refusal to accept the apparatus. Each was conditioned upon a performance of the agreement to heat or to put in additional radiation. Appellees expressed themselves as able and ready to fulfill their undertaking, gave attention to the matter, and have been found by the jury to have performed their contract.

We find no reversible error in giving or refusing instructions.

The judgment of the Superior Court is affirmed.

MR. PRESIDING JUSTICE SHEPARD.

I concur, upon the ground that there was sufficient evidence in the case to justify the finding that appellant accepted the heating apparatus, and he should have shown, if he could, what damages, if any, he suffered from a breach of the appellees' contract of warranty. Of such damages I find no sufficient proof to make them capable of measurement.