## John Claney and James V. Allen v. Chicago Dredging and Dock Co.

1. CONTRACTS—*Substantial Performance.*—An instruction which informs the jury that if the plaintiff has on his part substantially performed the contract sued on he will be entitled to recover, is erroneous in form, as calculated to mislead.

Assumpsit, on a contract for dredging. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 6, 1897.

VERMILYEA, BURRAS & WILCOXON, attorneys for appellants.

SAMSON & WILCOX, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The parties agree that the appellants employed the appellee to dredge the north branch of the Chicago river in front of their dock, to the depth of fourteen feet, is the appellants' version, and "about" that is the appellee's, as they expected a boat in drawing thirteen and one-half feet, which they wanted to get to the dock. The boat came in and grounded ten feet from the dock in thirteen feet three inches of water at her keel, eighteen feet from the dock.

For the appellee the court instructed:

"The court instructs the jury that, if the jury believe from the evidence that the plaintiff dredged the river at the defendants' dock, for the defendants, substantially fourteen feet deep, and took out 901 cubic yards, and the price agreed upon was twenty cents per cubic yard, then the jury should find the issues for the plaintiff and assess the plaintiff's damages at the sum of $180.20."

And refused to instruct for the appellants:

"The court instructs the jury that if they believe from the evidence that the contract between the plaintiff and the

defendants was, that the plaintiff should dredge the river at the defendants' dock, making the depth at that place fourteen feet, at a certain sum per cubic yard, and that the doing of this work was a condition precedent to payment, and that the plaintiff did not dredge the river to the depth of fourteen feet at the place contracted, then the jury should find for the defendants."

The real motive for the contract—as well understood by the appellee as by the appellants—was to get depth of water sufficient for the boat; and it may well be presumed that had that depth been reached, the appellants would never have known what it was in feet and inches.

Any instruction which left the jury at liberty to find for the appellee, with the purpose of the contract not accomplished, was error.

Argument to us that after the dredging was done, and before the boat came, the earth may have filled in, or that by change of wind the depth may have been affected, does not touch the question here.

Mathematical exactness, taking the version of either party, was not required; but such depth—near fourteen feet—as would permit a boat drawing thirteen and one-half feet to get to the dock, was.

The river did not belong to the appellants.

There is no presumption that partial performance of a contract to deepen it was any benefit to the appellants.

The case has no resemblance to those in which it has been held that recovery might be had for substantial performance, of which the party sued had the benefit, leaving him to recoup his damages.    2 Chit. Cont. 825 *et seq.* and notes; Keeler v. Herr, 157 Ill. 57.

If after the word " and " following " deep " in the instruction given for the appellee, had been inserted " sufficient to permit a boat drawing thirteen and one-half feet to get to the dock, and in so doing," or other language to that effect, the appellants would have had no ground of complaint as to the law, and the verdict of the jury might have been final.

The judgment is reversed and the cause remanded.