## Otto Zapel v. Lawrence M. Ennis.

1. PRACTICE—*Recovery under Special Contract Where Nothing Remains to Be Done but to Pay That Due under the Agreement.*— Where, under a special contract, nothing remains to be done but to pay that due under the agreement, a recovery may be had under the common count for work and labor.

2. SAME—*Where Special Contract is at an End.*—When a special contract is at an end, either by its terms or by the subsequent consent of the parties, or by the unjustifiable conduct of the defendants, *indebitatus assumpsit* will lie.

3. INSTRUCTIONS—*Singling Out the Witnesses of One Party, Are Improper.*—An instruction which tells the jury that in passing upon the testimony of the witnesses for the defendant, they have a right to take into consideration any interest which such witness, or any of them, have or feel in the result of this suit, if any is proven, growing out of their relation to the defendant, or otherwise, and to give to the testimony of such witness only such weight as they think it entitled to, under all the circumstances proven on the trial, is improper, as singling out the witnesses of one party.

Assumpsit, for work and labor. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 11, 1902.

This was an action of assumpsit to recover for work and labor. The evidence tended to show that appellant, having

been injured, employed appellee to obtain compensation therefor from the Chicago and North Western Railway Company by settlement or suit; agreeing to give appellee one-fourth of all obtained without suit, one-third of that recovered after suit and judgment, and one-half of the sum obtained after judgment on appeal therefrom.

Appellee thereafter obtained from the railway company an offer of $2,500 and the "doctor's fees" for attendance upon appellant. This offer he communicated to appellant, advising him to accept it. Thereafter appellant notified appellee that he need do nothing and to make out a statement of what he, appellant, owed him. Appellant personally settled with the railway company for $3,000 paid to him by it. Appellee obtained a judgment for $750.

Arnold Tripp, attorney for appellant.

John J. Coburn and George A. Meech, attorneys for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the court.

When, under a special contract, nothing remains to be done but to pay that due under the agreement, a recovery may be had under the common count for work and labor. Shepard v. Mills, 70 Ill. App. 72.

When a special contract is at an end, either by its terms or by the subsequent consent of the parties, or by the unjustifiable conduct of the defendant, *indebitatus assumpsit* will lie. Hill v. Green, 4 Pickering, 114; Munroe v. Perkins, 9 Pickering, 298; Goodrich v. Lafflin, 1 Pickering, 57; Moulton v. Trask, 9 Metcalf, 577; White v. Oliver, 36 Maine, 92; Buller's Nisi Prius, 139; 2 Chitty on Contracts, 831, note M.

We do not think that the following instruction should, as it was, have been given.

"The court instructs you that in passing upon the testimony of the witnesses for the defendant, you have a right to take into consideration any interest which such witness, or any of them, have or feel in the result of this suit, if any is proven, growing out of their relation to the defendant, or

otherwise, and to give to the testimony of such witness only such weight as you think it entitled to, under all the circumstances proven on the trial."

Instructions of this kind, singling out the witnesses of one party, are improper. The evidence is, however, such that we do not think that for such error the judgment should be reversed.

The objections urged to other instructions given for the plaintiff we do not regard as well taken in this case.

The judgment of the Circuit Court is affirmed.