### James Dazey v. Louis Stairwalt.

1. INSTRUCTIONS—*must not be argumentative.* Instructions which are involved, argumentative, misleading and inaccurate, are ground for reversal.

2. INSTRUCTIONS—*must not submit question of law to jury.* An instruction which leaves it to the jury to determine whether there has been a "substantial" performance of a contract, without telling them what constitutes a substantial performance, is erroneous in that it leaves to the jury the determination of a question of law.

Action in assumpsit. Appeal from the Circuit Court of Shelby County; the HON. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed November 24, 1905.

R. M. PEADRO, for appellant.

WALTER C. HEADEN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action in assumpsit by appellee against appel-

lant, to recover an amount claimed to be due for labor performed and materials furnished in constructing a dwelling house. Appellant filed a plea of set-off claiming damages, alleged to have accrued to him by reason of the failure of appellee to perform certain work and furnish certain materials in accordance with the terms of an alleged contract. The trial in the Circuit Court resulted in a verdict and judgment against appellant for $1,461.25.

Shortly prior to June, 1901, appellee, at the request of appellant, prepared plans and specifications for the construction of a dwelling house in the village of Findlay. The specifications fixed the cost of labor and materials at $3,000. No contract was signed by either party, but appellant directed appellee to begin work on the house in pursuance of the plans and specifications, and it is conceded that, in the first instance, there was a verbal contract between the parties for the construction of the house according to the plans and specifications for $3,000.

It is claimed by appellee that immediately after he commenced work appellant directed such changes, from the plans and specifications, in the construction of the house, that when completed the house was an entirely different one from that contracted for; that the house was constructed by him in accordance with directions given from time to time by appellant, and without any reference to the plans and specifications, and that there was a mutual abandonment of the contract. On behalf of appellant it is claimed that the contract was not abandoned; that the changes in the construction of the house were ordered by him and accepted by appellee with a definite agreement in almost every instance as to the additional cost thereby involved; that in lieu of the steam-heater to be installed in the house as required by the specifications, appellee installed therein a hot air furnace at much less expense, and which was inadequate to heat the house to the required temperature; and that appellee failed in other respects to conform to the plans and specifications in constructing the house.

If the contract was expressly abandoned, or if the house

constructed by appellee by the direction of appellant was materially different from that described in the plans and specifications, and appellee did not consent to furnish the additional materials and perform the extra work in the way of changes, additions and alterations to that required by the plans and specifications, appellee would be entitled to recover the reasonable value of the materials furnished and of the work performed in the construction of the house. If, however, the contract was not abandoned and appellee by the direction of appellant furnished additional materials and performed extra labor in making certain changes, additions and alterations in the construction of the house described in the plans and specifications, and no price was agreed upon for such additional materials and extra work, he would be entitled to recover the reasonable value of such materials and work, in addition to the contract price. County of Cook v. Harms, 108 Ill. 151.

The evidence upon the controverted questions of fact in the case is close and conflicting, and would authorize a verdict for either party. In this state of the case, the law should have been given to the jury with accuracy and clearness.

By the first instruction given at the request of appellee the jury were told, that in determining whether the contract was abandoned so as to entitle appellee to recover the reasonable value of the materials furnished and work performed in constructing the house, the fact, if proven, "that the defendant ordered changes to be made in the plans, so as to make an almost entirely different kind of a house from the one contracted for," was one among other elements to be considered. The expression quoted, if not unintelligible, is certainly vague and obscure. The instruction as a whole is involved, argumentative, misleading and inaccurate and should have been refused.

The second instruction predicated appellee's rights of recovery upon proof that he had "substantially" performed the work under the contract or under the direction of appellant. Whether a contract has been substantially per-

formed is a question of law, and the submission of that question to a jury, without informing them what constitutes a substantial performance, is error. Estep v. Fenton, 66 Ill. 467; Keeler v. Herr, 157 Ill. 57. ·The instruction is also erroneous, because it authorizes a recovery by appellee of the full contract price or the reasonable value of the materials furnished and work done, upon proof that he had substantially complied with the terms of the contract or the directions of appellant. This is not the law. It has been held that in cases involving building contracts a literal compliance with the specifications is not necessary to entitle a contractor to recover; that a substantial performance in good faith is sufficient. But, in case of a substantial performance in good faith, the contractor may not recover the full contract price. He can only recover the contract price less an amount requisite to indemnify the owner for the expense of conforming the work to the contract. Palmer v. Meriden Brittannia Co., 188 Ill. 508.

The third instruction comes far short of stating the elements necessary to constitute an abandonment of the contract. Under this instruction any changes in the plans and specifications resulting in the construction of a house different from and more expensive than the one contracted for, would require appellant to pay, not the contract price with the reasonable value of the extra materials and labor added, but the reasonable value of all the materials and labor, without any reference to the contract price.

The fourth instruction is erroneous, because there is no evidence in the record that appellant accepted the house in its entirety. By merely moving into the house, with the consent of appellee, before its completion, appellant was not estopped from claiming damages for defects in the materials or work, and this is especially so as to any latent defects. For the same reasons the eleventh instruction, given at the request of appellant, was improperly modified by the court.

The court did not err in permitting appellee to show the reasonable value of the materials furnished and labor per-

formed in constructing the 'house. This was the proper measure of appellee's recovery in the absence of a contract.

The abstract of the record in this case filed by appellant is manifestly partisan and unfair. Rule 21 of this court requires the party bringing a cause into this court to furnish a complete abstract or abridgement of the record. An abstract which magnifies the evidence on behalf of the party preparing it and minimizes the evidence on behalf of the opposite party, does not conform to the rule.

For error in giving and modifying instructions the judgment is reversed and the cause remanded.

*Reversed and remanded.*