# GIMNICH FURNITURE MFG. CO. v. SORENSEN.

### No. 1907.   Decided May 27, 1908 (96 Pac. 121).

1. SALES—ACTION FOR PRICE—INSTRUCTIONS.—In an action for the price of goods, plaintiff claimed under the original contract of sale, and defendant asserted that there was a substituted contract. The court charged that, if certain facts were found to exist, then the first contract must be taken as determining the rights of the parties. In another instruction they were told that, on another state of facts, the first contract would be binding on the parties. Further instructions fully and completely covered the grounds with regard to defendant's claim for deductions, and the verdict showed that the latter instructions were considered by the jury. *Held*, that the instructions with regard to the contract were not objectionable as requiring the jury to find for plaintiff for the amount of the purchase price, as stipulated in the original contract.

2. TRIAL—INSTRUCTIONS.—The rule that one or more erroneous instructions cannot be cured by other correct instructions does not apply where the instructions objected to are not erroneous, but merely incomplete, and further instructions are given covering the issues, and the verdict shows that the entire instructions were considered by the jury.

3. COSTS—COSTS ON APPEAL—ADDITIONAL ABSTRACT.—After counsel for appellant had filed and served his assignments of error as required by rule of court, and had served his printed abstract on respondent's counsel, they prepared and had printed an additional abstract. The instructions assigned as error were printed in appellant's abstract, and there was no claim that the instructions complained of were contrary to the evidence or not supported thereby; the whole claim being that the two instructions were in conflict with other instructions. *Held*, that the additional abstract was not necessary, and that appellant should not be required to bear the costs of printing the same.

APPEAL from District Court, Third District; T. D. Lewis, Judge.

Action by the Gimnich Furniture Manufacturing Company against P. A. Sorensen. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*S. P. Armstrong* for appellant.

*Booth, Lee & Badger* for respondent.

FRICK, J.

This was an action commenced by respondent to recover a balance alleged to be owing by appellant to it for the purchase price of a certain lot of furniture. There were several defenses interposed by the appellant as counterclaims. The appellant alleged that the original contract of purchase had been superseded by another after the delivery of the furniture whereby a different price from that originally agreed upon was fixed; that the furniture was not as represented, in that both the material and workmanship were of inferior quality; that it was improperly packed for shipment, by reason of which it was injured and damaged while in transportation, which rendered it unsalable and greatly affected its value; that, by reason of the matters aforesaid, the value of the furniture was greatly reduced, in consequence of which 'appellant offered judgment in favor of respondent for the sum of $483.16, instead of the amount claimed by the respondent. The respondent in the reply denied the matters set up as defenses, and alleged others which were in avoidance of some of the claims made by appellant. Upon these issues a trial was had to a jury, which resulted in a verdict for respondent for the amount claimed by it less $338.48. Judgment was duly entered upon the verdict. From such judgment, this appeal is prosecuted.

There are but two errors assigned, both of which relate to the instructions. The court in stating the issues to the jury made special reference to each one of the defenses set up, and thoroughly explained the theories of the respective parties. The statement of the court in this regard was unusually full and explicit. After stating the issues, the court defined the duties of respondent with regard to packing the furniture for shipment and its liability for a failure thereof. It also told the jury that, if they found

the issues in favor of respondent, then they must determine the amount it should recover. After these instructions, the court gave instruction No. 7, in which it referred to the claim made by appellant with regard to the alleged substituted agreement, and after stating to the jury that, if they found certain facts to exist, "then the court instructs you that the defendant [appellant] accepted the furniture in question, and the rights of the parties to this suit, in case he accepted the furniture, must be determined under the contract, sued upon by plaintiff [respondent] and not under the contract, if you find there was such a contract, claimed by defendant to have been made with Daniels in August, 1903." The exception is directed to the part above quoted. To understand the purpose of this instruction, it should be stated that in one of appellant's defenses he insisted that he had never accepted the furniture at all, and that it thus remained the property of the respondent, and hence he was not liable under the contract of purchase. Under another theory he claimed that the original contract was rescinded and another substituted therefor. Still another theory was that the furniture was warranted as to quality, and that there was a breach of this warranty. The court submitted the case to the jury upon all of these theories. The appellant does not complain in this regard, and he admits that the alleged substituted contract is not now in the case; but he insists that the court committed prejudicial error in using the language quoted above. In connection with this, the appellant further urges that the court erred in giving certain portions of instruction No. 8, which immediately follows the one referred to above. In the latter instruction the court told the jury what the law would be if they found certain facts to exist; and then continued as follows: "If he [appellant] afterwards dealt with the furniture in question as though it were his own, and appropriated it to his own use by selling or by placing in stock with his other furniture for sale, he thereby ratified the contract for the purchase of said furniture, and was bound by its provisions as originally entered into." It appears from the

evidence that appellant at the time of the trial had sold and
disposed of the entire lot of furniture, with the exception
of two or three pieces. It is claimed that the court erred
in giving that part of the instruction last above quoted.
The particular criticism made is that by the quoted parts
of the two instructions the court, in effect, told the jury to
disregard appellant's claim for damages on account of the
inferior quality and workmanship of the furniture, and
practically instructed them to find for the respondent for
the amount of the purchase price as stipulated in the original
contract. In other words, it is claimed that the jury were,
in effect, told that no allowance should be made by
them in the value of the furniture. If we view the lan-
guage used by the court in these instructions in the light
of the issues stated to the jury, we cannot agree with coun-
sel in this contention. Furthermore, if we view the lan-
guage in the light of what was said in other instructions
immediately following the two excepted to upon the sub-
ject of warranty and the quality and workmanship of the
furniture, we cannot see how appellant was or could have
been prejudiced by what the court said. Counsel for appel-
lant offered fourteen requests (all of which were given), in
which the subject of warranty, both express and implied, the
questions of inferior quality and workmanship of the fur-
niture, and the appellant's right to recoup damages upon
these grounds and for defective packing, were fully stated
to the jury. The court also stated to the jury
in plain and explicit terms that "it is solely and
exclusively for the jury to find and determine the facts,
and this they must do from the evidence, and, having done
so, then apply to them the law as stated in these instruc-
tions." This was stated as a guide to the jury, and, follow-
ing it, the jury would necessarily look to all of the instruc-
tions for the law, and not to one or two merely. In view
that the respondent claimed under one contract and the ap-
pellant asserted that there was a substituted one, it became
necessary for the court to advise the jury how to de-
termine which one of the contracts should prevail. In in-

struction No. 7 the court told the jury that, if they found certain facts to exist, then the first or original contract must be taken as a basis from which to determine the rights of the parties. In instruction No. 8 another set of facts were stated, which, if found to be true, would also make the first or original contract binding on both parties. In these instructions, therefore, the court simply advised the jury with regard to the particular contract under which the rights of the respective parties must be measured and determined in case they found that such contract was still in force.

We cannot assent to counsel's contention that the jury were, in effect, told that they must find the value of the furniture in accordance with the price stated in the original contract. There is nothing said in either of these instructions about finding any amount due, nor is there anything said with regard to the value or price that is to be allowed. All that the language amounts to, and all that was intended thereby, was the fixing of the standard or basis from which the rights of the parties were to be determined. This would have to be done either from the original contract, or, if that were found to have been substituted, then by the latter contract, if such existed.

The succeeding instructions fully and completely cover the grounds with regard to the claims for which deductions might be made and how to arrive at the amount of damages, if any. For instance, it was claimed that the furniture was injured while in transit by reason of the negligence of the carrier in transporting it. For this damage the appellant demanded and received from the carrier the sum of $742. The appellant claimed that the furniture was also injured because not properly prepared and packed for shipment by respondent. The court told the jury that respondent was not liable for the damages caused by the negligence of the carrier, but that it was liable for any damages to the furniture caused by improper packing or loading. The jury were also told that, if the furniture was inferior in quality or in workmanship from what it

was represented to be, then the respondent could recover only for the value thereof, the difference, if any, to be deducted from the purchase price. Indeed, counsel for appellant concedes that full and correct instructions were given upon all of these matters, but invokes the rule that, where one or more erroneous instructions are given, such errors cannot be cured by other instructions which are correct. This rule of law is well established and is thoroughly sound and practical, but, as we view it, it has no application to this case, unless instructions No. 7 and No. 8 are open to the construction placed upon them by counsel. We think that they are not. Neither one of the two instructions was, nor was it intended to be, a complete statement of the law upon any matter affecting the right or amount of recovery by either party. To ascertain the amount of recovery and the damages, if any were to be allowed, recourse was necessary to other instructions which immediately follow these two. We think it is very clear from the whole record that the jury understood and applied the instructions as we construe them, and as they evidently were intended by the court, and hence no injury resulted, though they may be open to the alleged claim of ambiguity. The court fairly submitted to the jury the questions relating to the existence and continuing force of the original contract, and whether it was abrogated or modified by the alleged subsequent contract. The jury by their verdict found that no subsequent contract was entered into; hence the rights of the parties were by the jury determined under the original contract. Under its terms there was due respondent for the furniture, after deducting the payments made by appellant, and concerning which there is no dispute, the sum of $1,338.48. The jury allowed $1,000 of this amount only. They thus deducted from the original contract price the sum of $338.48. This deduction must have been made by allowing a portion of one or more of appellant's counterclaims. It cannot be attributed to anything else. From this it seems clear enough that the jury neither understood nor applied instructions 7 and 8 as counsel asserts they

were understood and presumably applied. If this be so, then there is much force to the contention of respondent's counsel that the rule invoked in the case of *Keeler v. Herr,* 157 Ill. 57, 41 N. E. 750, should be applied. In that case a similar claim was made, namely, that the jury were misdirected by conflicting instructions. In that case, as in this, it appeared from the record and the verdict that the jury did consider and allow at least a part of the counterclaim. Upon that record the Supreme Court of Illinois refused to disturb the judgment. In this case there was a sharp conflict with regard to the actual value of the furniture and the damages, if any, that appellant sustained. Counsel's contention, therefore, that the jury were directed to allow only for the injury and damages to the furniture which was occasioned by the negligence of the packing and nothing for its inferior quality and workmanship, cannot be sustained. Appellant in his counterclaims did not pretend to segregate the damages arising by reason of improper packing and shipping from other damages claimed, but lumped the whole together, and claimed that by reason of the inferior quality and workmanship of the furniture, and the improper packing and shipping and for other causes, the furniture was of much less value than it would have been had it been as represented and properly packed and shipped. The jury no doubt likewise did as appellant did in his counterclaims, considered the whole matter together, and found that the value of the furniture by reason of all these things was $338.48 less than the agreed purchase price. It seems to us no other conclusion is permissible in view of the whole record.

It follows, therefore, that the judgment should be, and accordingly is affirmed.

There remains to be considered a matter of costs growing out of the printing of the additional abstract. After counsel for appellant had filed and served his assignments of error as required by rule 26 of this court, and had served his printed abstract upon respondent's counsel, they prepared and had printed an additional abstract. This, coun-

sel for appellant contends, was unnecessary. In this contention we concur. Appellant assigned and relied on but two errors, namely, the giving of the two instructions discussed in this opinion. The errors, if any, depended entirely upon the meaning to be given to these instructions. Their relevancy had to be determined from the issues, and these were fully stated by the court in the preceding paragraphs of the instructions. Moreover, the entire instructions as given were printed in appellant's abstract, and there was no claim made by him that the instructions complained of were contrary to the evidence or not supported thereby.

The whole claim made was that the two instructions, as construed by appellant's counsel, were in conflict with other instructions, and that, if so construed, they were erroneous. We think, therefore, that the appellant should not be required to bear the cost of printing the additional abstract, but should be required to pay all other costs. It is so ordered.

McCARTY, C. J., and STRAUP, J., concur.