## Teander G. Peterson, Appellee, v. Charles M. Pusey, Appellant.

### Gen. No. 13,950.

1. AMENDMENTS AND JEOFAILS—*when action of court in permitting completion of issue not ground for reversal.* Where injustice does not appear to have resulted, it is no abuse of discretion for the trial court immediately before the hearing of a cause to permit a *similiter* to be filed to the general issue and a reply to be made to a plea of set-off.

2. PLEADING—*when recovery may be had under common counts.* Where a contract has been performed by the plaintiff and nothing remains to be done thereunder but the payment of money by the defendant, recovery may be had under the common counts.

3. CONTRACTS—*what will not defeat recovery upon building contract.* A failure literally to comply will not defeat a recovery upon a building contract; substantial compliance is sufficient.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed June 16, 1908.

**Statement by the Court.** Appellee recovered judgment for labor and material furnished under a verbal contract by which said plaintiff was to dig trenches,

furnish material, do the mason work and lay cut stone for a building erected by appellant in Chicago. The judgment includes also amounts claimed by plaintiff for certain extras not included in the original agreement. The contract price as agreed upon appears to have been $4,775. Of this amount the defendant paid $3,101.85. The plaintiff claims a balance of $1,673.15. The claim for extras amount to $87, making the total amount claimed to be due the plaintiff $1,760.15. This sum, with $78.18 interest, the total amounting to $1,833.33, was awarded by the verdict of the jury. From the judgment in accordance with the verdict the defendant appeals.

CHARLES A. PHELPS, for appellant.

LEONARD FISKE and GALLAGHER & MESSNER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The defense made to the plaintiff's claim is that the latter failed to comply with certain specifications and do certain work called for by plans and specifications in accordance with which the defendant claims the plaintiff agreed to do the work, and that the work was done in an unskilful manner, making the building permanently defective.

It appears that when the agreement was made the plaintiff handed defendant a card upon which he had written his understanding of the work he was to do and the price for which it was to be done. That memorandum is as follows: "March 1, 1906. Dr. C. M. Pusey. Mason wourk and trenson, digin, witout cut st. for som of $4,665. T. G. Peterson." The plaintiff states that after the card was handed defendant the latter wanted extra piers, and that this work raised the contract price to $4,775. About the eighth of March the defendant told plaintiff he had decided to give him

the mason work. The extra items are $16 for the additional cost of a better kind of brick substituted by agreement for those upon which plaintiff's original figures were based, $11 for setting certain cut stone furnished by the defendant not embraced in plaintiff's original figures, and $60 for adding six inches to the heighth as originally contemplated of the first story wall of the building. Some of this extra work was done, it is claimed, under orders from one Stevens who had a contract for carpenter work on the building. Plaintiff testifies that the defendant told him he was to get his instructions from Stevens who "was going to superintend the building." This is denied by the defendant.

Defendant's attorney has filed an elaborate brief. As to the questions of fact concerning which the evidence is conflicting we find no sufficient ground for disturbing the verdict. It was the province of the jury to settle these disputed questions and an examination of the record shows their finding in this respect to be justified by evidence. We cannot undertake to review here the testimony at length and no good purpose would be served by so doing.

It is contended in defendant's behalf that the court erred in denying a motion for judgment by reason of plaintiff's alleged default in not having joined "in the issue tendered by the pleas of *non-assumpsit* in bar of appellee's action," and to the "pleas of set-off," before the cause was called for trial. Leave was given plaintiff to file a *similiter* to defendant's plea of general issue and a reply to the plea of set-off. It is not contended that the ruling of the Municipal Court in this respect worked any injustice to defendant, and even if deemed erroneous it would scarcely justify interference unless necessary to prevent a failure of justice. We find no error in the discretion exercised by the trial court.

The contract having been performed and the plaintiff suing for the alleged contract price, he was entitled

to sue and recover under the common counts. Concord Apartment House Co. v. O'Brien, 228 Ill 360-367.

Complaint is made of all the instructions, eight in number, given in behalf of the plaintiff, of the refusal to give three of the instructions requested in behalf of the defendant and of the modification of two other instructions asked for by defendant and given as modified. The criticism of the first instruction given in behalf of plaintiff is that it told the jury that if they believed any witness had "knowingly testified falsely to any material issue," such testimony might be disregarded. It is said that the instruction is erroneous in that it omits the word "wilfully." It is true that the words "knowingly and wilfully" are generally joined in such an instruction. See Godair v. Ham Nat. Bank, 225 Ill. 572-577. It is difficult, however, in this case to see that the instruction would have gained anything by the addition of the word "wilfully," except emphasis. Where one knowingly testifies falsely he generally, if not necessarily, does so wilfully. To hold the omission of the word "wilfully" to be reversible error would be to indulge in a refinement of criticism of an instruction of which perhaps it is to be regretted instances may be found in the reports. Such verbal criticism our system of written instructions sometimes enables ingenious counsel to employ in an effort to find technical error where no substantial error exists. It is not infrequently thus sought to give to language, the obvious purport of which could not well be misunderstood by the jury, a meaning which only those trained in verbal dialectics would otherwise be likely to discover.

Complaint is made of the second instruction given at plaintiff's request to the effect that "substantial compliance with the terms of his agreement is all that the law requires of the plaintiff in this case." We think under the evidence this instruction was not misleading. In any event we are of opinion "it clearly

appears that the error complained of worked no injury to appellant.'' Keeler v. Herr, 157 Ill. 57-59. It is true that if the terms of the contract were not fully complied with the defendant would be entitled to such reasonable allowance as would enable him to complete the building in the manner agreed upon. The jury were so instructed in substance in behalf of the defendant and at his request, and were further told that before they could find the plaintiff had substantially performed his contract, they must find there had been no wilful departure from the contract or omission in essential parts and that he had honestly and faithfully performed the contract in all its material and substantial particulars. The jury appear to have concluded, as they might under the evidence, that the plaintiff had fully complied with the agreement.

We deem it unnecessary to follow at length the defendant's criticisms of the other instructions. There was evidence tending to show that Stevens was defendant's authorized superintendent, that defendant so informed plaintiff, and that he told the latter he should get his instructions from Stevens. If the jury so found from the evidence, then no reason appears why plaintiff was not entitled to be paid for the extra work done under Stevens' orders. While some of the instructions as given are, we think, objectionable in some respects, yet upon a careful consideration of them, we are of opinion the jury were not misled nor the defendant harmed by such errors.

While it appears from the evidence that there are defects in the work done by plaintiff under the contract, there is evidence tending to show that these defects were caused by the acts of others over whom plaintiff had no control and for whose acts he was not responsible.

We are of opinion the record does not show reversible error, and the judgment of the Municipal Court will therefore be affirmed.

*Affirmed.*