### The Healy Ice Machine Company, Appellee, v. H. M. Parks, Trustee, Appellant.

**1.** MECHANIC'S LIENS—*what compliance with contract sufficient to sustain.* If a lien claimant has substantially complied with the terms of his contract he is entitled to a lien if all other proceedings are regular.

**2.** MECHANIC'S LIEN—*when given preference over lien of bond-holders.* A mechanic's lien will be given preference to the claims of bond-holders notwithstanding it is predicated upon a contract made after the creation of the rights of the bond-holders if such contract is but supplemental in character to a previous contract which antedated the rights of such bond-holders and did not cast upon the property in question any burden in addition to that imposed by the original contract.

Mechanic's lien. Appeal from the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 9, 1910.

COLP & FERRELL, for appellant; DENISON & SPILLER, of counsel.

BARRY & CROWLEY and HARTWELL & WHITE, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On June 14, 1906, appellee entered into a written agreement to erect for the Johnston City Ice and Bottling Company, hereinafter called the Johnston Company, in a building of the latter, at Johnston City, Illinois, an ice-making system including two improved ice-making machines, with steam engine, condenser, freezing tank and a number of other things necessary for the completion of the system and mentioned in the contract, for the sum of $20,000, $5,000 of which was to be credited the Johnston Company for second-hand machinery, turned over to appellee, one-third of the balance of $15,000 to be paid as the machinery was shipped, one-third to be paid when the plant was completed and turning out 30 tons of ice every twenty-four hours, consecutive operation, and the remaining third to be included in a three months' note with the privilege of renewal for three months, if the Johnston Company should so desire. Appellee proceeded with the work which was delayed from time to time by various mishaps, for which as it would appear one party was at certain times responsible and at other times the other party was responsible. The Johnston Company made payments from time to time as the work progressed, but on November 16, 1907, appellee filed a claim for a mechanic's lien against its property, for a balance said to be due on the contract price for $6,945.30, stating that on or about the 5th day of August, 1907, appellee had completed everything required of it to be done by said contract. The Johnston Company, however, claimed that appellee had not completely fulfilled its contract and after some negotiations between the parties and to settle their differences, the parties on November 26, 1907, entered into a supplemental contract, which it was agreed should be attached to and become a part of the original contract. By the supplemental contract, appellee was to furnish certain other material and to do further work and the Johns-

234     Appellate Courts of Illinois.

The Healy Ice Mach. Co. v. Parks, 155 Ill. App. 232.

ton Company was to furnish and pay for certain labor in the doing of such work and to make arrangements for the payment of the balance due appellee on the original contract. Such contract also guaranteed that the plant, when finished, would turn out 30 tons of good merchantable ice every 24 hours of consecutive operation.

On December 31, 1906, the Johnston Company executed a trust deed upon the premises where their plant was located, to secure the payment of $20,000, represented by 40 bonds of $500 each, all dated January 1, 1907, due in five years after date with interest at the rate of six per cent per annum from their date. Bonds to the amount of $14,000 were issued and placed in the hands of *bona fide* holders as collateral, for money borrowed by the Johnston Company, prior to the execution of the supplemental contract. After the completion of the supplemental contract, as claimed by appellee, the Johnston Company refused to pay the balance due for the reason, as alleged by the Johnston Company, appellee had failed to do all those things required of it to be done by such contract.

On September 15, 1908, appellee filed its bill to enforce a mechanic's lien upon the property, making the Johnston Company and appellant, Parks, the trustee named in the trust deed, defendants. In the bill appellee alleged, among other things, that it had completed all the work required to be done by it under the supplemental contract, on or about April 24, 1908, and would have been able to have said plant in operation on or about March 1, 1908, but for certain delays occasioned by causes beyond its control. That after the completion of certain alterations, appellee furnished the services of a skilled engineer, together with certain material in and about the adjustment and betterment of minor devices and apparatus connected with said ice-making plant; that the last of said labor and material were furnished by appellee on May 16, 1908, and that there was due appellee the sum of $6,945.30.

An answer was filed by the Johnston Company, denying that appellee had complied with the terms of the two contracts and claiming certain credits, and by H. M. Parks, the trustee, also making substantially the same denials and setting up the execution of 'the trust deed and the issuing of the bonds as aforesaid. On the hearing by the chancellor, contested credits were allowed the defendants to the bill, amounting to $2,523.52, which added to credits which appear to have been agreed upon of $14,445.19, made a total of $16,967.77, leaving a balance due on the contract of $3,032.29, which amount the court decreed appellee was entitled to, with interest thereon at the rate of five per cent per annum, from April 24, 1908, to the date of the decree, making a total of $3,226.01. The trustee, H. M. Parks, alone appeals, alleging as error, in substance, that the court erred in finding the issues in favor of appellee, in fixing the amount due appellee at $3,032.29, in allowing interest from April 24, 1908, to the date of the decree, in decreeing that the amount found due was a lien upon the real estate of the Johnston Company, described in the decree, in decreeing that the amount found due appellee was a prior lien to the lien created by the trust deed to appellant and also a prior lien to the $14,000 bonds issued and negotiated before the execution of the supplemental contract, and in its rulings on the admission and rejection of evidence.

On the hearing there was evidence on the part of appellant tending to show that appellee had not fully completed the contract and that the Johnston Company had been injured by loss of time in completing the plant, by imperfect ice made, and on the other hand there was proof showing that the Johnston Company had waived portions of the contract or agreed to substitutions of material, that the water furnished by it was in some respects unsuitable for the purpose and that appellee was delayed in its work by the failure of the Johnston Company to perform certain things

which devolved upon it to do. It would seem from an examination of the record that in some respects the contract had not been fully completed but as to who was to blame for this condition and whether or not the full completion was waived by the Johnston Company, were matters difficult of determination. Appellee in good faith used every endeavor to fulfill its part of the contract and upon the whole we are satisfied that so far as it is concerned, the terms of the contract have been substantially complied with, which is all that is required to establish a lien. Keeler v. Herr, 157 Ill. 57; Concord Apart. House Co. v. O'Brien, 228 id. 360.

In determining the amount due appellee the court considered numerous items of credit claimed by the Johnston Company, some of which were rejected but the great majority allowed. In addition to the credit of $14,445.19 which it was admitted by appellee the Johnston Company was entitled to upon the contract price of the machine, the Johnston Company was allowed the further sum of $922.52 for expenditures made by it which were properly chargeable to appellee, $800 to make the plant "fulfil in all particulars its full capacity," and $800 more for damages for the rental value of the plant during the delay in completing it, in all $2,522.52 and making the total credits upon the contract, $16,967.71.

The question of credits appears to have been fully considered by the court below and upon consideration of the same, we are satisfied that the court arrived at a just and equitable conclusion in regard to the same.

It is contended by appellant that the court should not have allowed interest on the balance due from April 24, 1908, to the date of the decree at the rate of 5 per cent per annum, and with this contention we agree, for the reason the contract should not be treated as legally completed until May 23, 1908. The supplemental contract, however, provided for interest to be paid at the rate of 6 per cent per annum from the date of the completion of the work until final payment, and

as the interest at 6 per cent per annum, when computed from May 23, 1908, to the date of the decree, amounts to more than was really allowed for interest, appellant has no just cause of complaint. If, as above found, the amount decreed to be paid appellee, is due it under the original and supplemental contract, then as between appellee and the Johnston Company, it was proper that it be declared a lien upon the premises of the latter named in the decree. But it is claimed by appellant that even if that position is correct, the same should not have been decreed to have been a prior lien to those bonds secured by the trust deed, which were issued prior to the execution of the supplemental contract. We do not think the position of appellant tenable for the reason that the supplemental contract was really only a continuation of the original contract. No new or additional consideration was by the supplemental contract to be paid appellee beyond the original contract price of $20,000, but the time for the completion of the work was extended and appellee was to do certain other work and furnish additional material. The holders of the bonds could not be injured by the supplemental contract for the reason that they must be held to have bought them with the understanding that there would be a lien upon the premises, for the amount of $20,000, less such payments as might be made prior to the completion of the contract, and the extension of the time of payment, which under all the circumstances of the case was just and equitable, did not cast any additional burden upon the premises, but in fact permitted the doing of work which rendered them more valuable, and the lien of appellee was therefore rightfully made a prior one to that of the bond holders.

The objections made by appellant as to the rulings of the court, upon the admission and rejection of evidence, do not appear to us to be of material importance, nor to be well taken. It is further claimed by appellant that the lien should not be sustained for the

reason that it was not filed within four months from the completion of the contract, but as it appears that the final work was done and last material furnished by appellee on May 23, appellee's contract was not fully complied with until that time and the bill in this case, having been filed on September 15, 1908, it was within the required limit of four months. In this case substantial justice appears to have been done and there being no errors in the record so material as to warrant a reversal, the decree of the court below will be affirmed.

*Affirmed.*

This case was tried in the court below by MR. JUSTICE DUNCAN, who therefore took no part in the hearing of the same in this court.