## Fairbanks, Morse & Company, Appellant, v. A. V. Wills et al., Appellees.

1. SALES—*when delivery to be made.* In the absence of contract arrangement the law implies that merchandise to be manufactured and shipped shall be so manufactured and shipped within a reasonable time.

2. SALES—*what not waiver of damages for delay in delivery.* The acceptance of merchandise does not waive the right thereafter to claim damages for delay in delivery.

3. AMENDMENTS AND JEOFAILS—*when not abuse of discretion to allow amendments.* It is not an abuse of discretion for the court to allow amendments to be filed after the arguments have commenced, especially where upon allowing such amendments to be filed the court offers both to re-open and continue the cause.

Assumpsit. Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed December 1, 1910.

ANDERSON & MATTHEWS, for appellant.

JEFFERSON ORR and WILLIAM MUMFORD, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellant to recover for the contract price of a certain boiler purchased by appellees from appellant. The trial below resulted in a verdict and judgment for the defendants and against the plaintiff for costs; to reverse that judgment this appeal is prosecuted.

There are four questions raised on the record. The first is upon the admission of the evidence under the condition of the pleadings. At the time of the offering of the evidence, the declaration consisted of only the common counts. The only plea filed was the general issue, and with the pleadings in this condition, the cause was heard by the court without a jury.

Upon the hearing appellees offered evidence show-

ing special damages by reason of a failure to deliver the boiler. Appellant insists that this evidence was incompetent under the state of the pleadings at that time and that no evidence of special damages was proper, but that in order to admit such evidence it was necessary to have filed a special plea. The court heard this evidence over objections of appellant, but subject to their objection. After the argument commenced, the question was again raised by motion to exclude this evidence. The court then held that the evidence was not proper under general issue. Appellee asked leave to file a special plea. During the course of the argument this plea was prepared and upon presentation to the court, before the argument was finished, the court granted leave to file the plea over objection by appellant. Upon the granting of this motion over objection, appellant was given by the court leave either to reopen the cause and submit evidence upon the question of special damages, or to have the cause continued until the next term of court, with permission to appellant at that time to offer any evidence desired. Appellant declined to either offer any evidence or to request a continuance, but elected to stand upon its objections to the filing of this plea.

The second question is that the permission to file the special plea at that time was an abuse of the discretion of the court.

The third question raised is that although there may have been delay in the shipping of the boiler, appellees accepted the boiler at the time of its delivery without, at that time, specifically demanding or claiming any special damage, and that by so doing, although special damage may have been caused, all claim thereto was waived by the acceptance of the boiler without specifically claiming special damages.

The fourth question is whether the contract of purchase required a shipment in thirty days or within a reasonable time.

The evidence in this case discloses that appellees purchased from appellant a sixty-horse-power boiler; that the negotiations therefor consummated in the purchase of the boiler on the twenty-third day of May; that appellees were under a large dredging contract in Bates county, Missouri, for the construction of a dredge ditch; that in order to perform this work it became necessary for appellees to purchase a sixty-horse-power boiler to pump water into the ditch for the purpose of floating the dredge-boat, so that it might proceed with its work; that without sufficient water to float it the dredge-boat could not work.

There was a time limit for the completion of the dredge contract; and appellees contend that under their contract for the purchase of the boiler, it was to be shipped to them within thirty days. This is denied by appellant, who claims there was no time limit when the boiler should be shipped. At the end of thirty days appellees were prepared to proceed with their work upon the dredge contract, but for lack of water the boat could not be floated and for this reason they were unable to continue their work. They remained idle until about the first of the following October. The boiler was shipped to them on September 11th. By reason of the failure to receive the boiler, the dredge-boat was compelled to lie idle at a loss of from one thousand to fifteen hundred dollars per month.

Soon after the purchase of the boiler by appellees, they asked and received from appellant the dimensions and fittings of the boiler. Appellant was informed this information was necessary for use in constructing the foundation for this special boiler, and was furnished by appellant. From about June 15th until September 11th, a continuous correspondence was kept up by appellees concerning the delivery of the boiler; on several occasions they were informed that the boiler would be shipped speedily, and without further delay; on other occasions they were informed that the boiler had been shipped, and would be re-

ceived within a few days, and upon the continual assurance by appellant that the boiler would be delivered without further delay, and would be received in due time by appellees, they continued to wait for its shipment. Their labor hire alone during the time they were waiting for this boiler amounted to five hundred dollars per month.

That the boiler was not shipped within thirty days is not questioned and upon the contention of appellant that there was no specific time when the delivery should be made, conceding there was no time limit, the law implies an agreement to ship within a reasonable time. Before the expiration of the thirty days, appellant informed appellees it would be shipped within a day or two, thereby conceding that thirty days was a reasonable time within which to prepare the boiler for shipment, and no evidence was offered, and no suggestion or claim made, that thirty days was not a sufficient time within which to build and ship the boiler.

Appellant insists, however, that there is no direct evidence that the delay was unreasonable, that no witness testified thereto. It was unnecessary that any witness should specifically state such fact; it was a question to be determined from all the evidence and from all the facts concerning the case, whether it was shipped within a reasonable time, and the trial court found that it was not, and it was fully warranted in making such finding. There can be no question from this record, that the boiler was not shipped within a reasonable time, neither can there be any question about appellees having been damaged far in excess of the purchase price of the boiler.

The record further discloses, from the correspondence had between appellees and appellant, that appellees were continually claiming that they were being damaged beyond recompense by the unusual and extraordinary delay in delivering the boiler and appellant does not contend or suggest that they have been,

at any time, surprised at this claim for damages, or that it was a new matter to them; it is very evident from this record that they were expecting such a claim would be made.

Under the Statute of Amendments and Jeofails it was not error for the court to permit the special plea to be filed at the time such leave was granted, and the court fully offered to protect all rights of appellant, by reopening the cause or continuing it, at its request, both of which were declined by appellant, and conceding it was a question of discretion there was no abuse of discretion in permitting this plea to be filed at that time. But under the rules of pleading, where the plaintiff files a declaration containing common counts alone, the defendant has the right under a plea of *non assumpsit* to show any damages for delay in the delivery of the goods for which the action is brought by way of recoupment without filing a special plea, and having had the right to do this under the general issue, it would have been error for the trial court to have stricken the evidence from the record on motion of appellant instead of allowing appellee to file their special plea. Cooke v. Preble, *et al.,* 80 Ill. 381; Mayer v. Mitchell & Co., 59 Ill. App. 26.

Upon the question of the waiver of all claim of such damages by the acceptance of this boiler without, at the time of its acceptance, making any specific claim for damages, we do not agree with the learned counsel for appellant. The rule followed in the case of Ramsey et al. v. Tulley et al., 12 Ill. App. 463, holding that the mere acceptance of the article purchased at the time of the delivery is not, of itself, a waiver of any right to claim damages, is the correct rule in this state and it cannot be seriously contended that after the purchase of the boiler by appellees and the construction of the foundation for its use, for this special boiler, and the continual promise of appellant that the boiler would be shipped from day to day followed

with the false information that it had been shipped upon a certain date, and the continual waiting for its shipment, with the repeated information to appellant that appellees were being specially damaged by reason of the failure to deliver, that the acceptance of the boiler was of itself any waiver of a right to claim special damage; such a rule would be and is contrary to justice and right. The authorities cited in the case Ramsey v. Tulley, *supra*, are conclusive upon this question.

The contention of appellant that when the boiler was not delivered by it within a reasonable time, that it then became the duty of appellees to go upon the market and purchase a boiler, capable of doing the work which it was intended should be performed by this boiler, and that the measure of damages in this case would be the difference between what such boiler could have been purchased for and the contract price of this boiler, with their repeated promise to deliver and the assurance that the boiler would be delivered within a few days, is not tenable and their contention that because appellees did not go upon the market in St. Louis, Missouri, and purchase a boiler capable of doing this work, there is no liability for the special damage, with this boiler expected any day and with everything prepared for the erection, is so unreasonable as to hardly warrant consideration.

We find no error in the record in this cause and the judgment is affirmed.

*Affirmed.*