LAWRENCE VAN BUSKIRK, Appellant, *v.* JAMES MURDEN, Appellee.

APPEAL FROM PEORIA COUNTY COURT.

In an action to recover damages for work improperly performed by a plasterer, it is erroneous to refuse to instruct the jury, that a warranty might exist in a contract, without the use of any particular word, if such was the intention ; and that if the plastering fell off, it may be inferred the work was not well done, unless it be shown that the plasterer was not in fault.

A party who has accepted work, is not held to have waived defects in it, if, like plastering, it may have latent defects, which are not open to inspection.

THIS action was commenced before a justice of the peace, of Peoria county, and taken by appeal to the County Court of Peoria county, and tried at January term, 1859.

The account filed before the justice was as follows:

JAMES MURDEN,
               *To*    LAWRENCE VAN BUSKIRK,    *Dr.*

To money paid, laid out and expended, and given to said Murden .......$100.00
To damages sustained by the non-performance of contract, with regard to
    plastering, etc. ............................................... 200.00

                                          .   $300.00

On the the trial of said cause in the County Court, the plaintiff introduced witnesses who proved that Murden agreed to plaster certain rooms in a house, for Van Buskirk, and to do a first rate work, for which Van Buskirk was to furnish the material. That good material was furnished, but the plastering fell off in several places, and had to be restored. Murden was paid in full for his labor. That on the completion of the plastering, Van Buskirk accepted it.

The objectionable instructions are copied in the opinion of the court.

H. GROVE, and M. WILLIAMSON, for Appellant.

J. T. LINDSAY, for Appellee.

BREESE, J. There is no difficulty about this case. The plaintiff has shown by the testimony, a clear right to recover of defendant for not performing his contract to do a good job of plastering for him, and would doubtless have so recovered, had not the court misdirected the jury as to the law of the case.

Defects in plastering are not, at the moment the job is finished, generally discoverable, and a proprietor may well express himself satisfied with the work from the appearance of it. Time, as it does all things, tries such jobs as that, and a few days or weeks may determine the question whether it is a good job or not.

After the evidence was heard, the plaintiff asked the court to instruct the jury, " that it is not necessary to constitute a warranty that the word warranty or any particular word should be used in the contract, but if the jury believe, from the evidence, that the parties intended a warranty, and if there was a warranty of the work the burden of proof is on the defendant to show that the fault is in the plaintiff or in the materials furnished by the plaintiff;" and " If the jury believe, from the evidence, that the defendant, at the time he contracted with plaintiff, promised to do a good job of plastering, and if they further believe, from the evidence, that the plastering done by the defendant fell off, this is a matter of consideration for the jury, and the jury may infer that the defendant did not do a good job, unless the defendant shows that the falling off of the plastering was occasioned by some cause not within the power of defendant."

These instructions the court refused to give and gave no others equivalent to them. They should be given, for they declare the law as applicable to such cases.

After various instructions for the defendant, not important to be particularly noticed, though objectionable in a degree, the court distinctly charged the jury, on the application of the defendant, as follows:

" The jury are instructed by the court, that an acceptance of the work, without objection and in satisfaction of the contract by the plaintiff, was a waiver in law of all defects that may have been in the plastering of plaintiff's house, unless it has been shown that fraud and circumvention was used by defendant to induce the plaintiff so to accept the same."

Every one can see that this is too broad altogether, and well calculated to do great injustice, and is not the law. Had the court restricted it to visible defects, it would have been well. It is monstrous to say, in reference to plasterer's work, that all defects are waived when such work is accepted without objection and in satisfaction of the contract—all visible defects, or such as could be ascertained by inspection and examination, would be waived, but how can the employer tell, by looking at a smooth coat of plastering, everything fair to the eye, whether the lathing has been done properly, or the mortar well made with due proportions of lime, sand and hair, to give it adhesion, hardness and durability? No man can tell, and therefore it is that the party should not be bound by an acceptance, or acceptance considered as a waiver of latent defects, which too often lurk in plastering, which to the eye appears very fine and unexceptionable.

The jury that tried this case seemed to have been struck by this ninth instruction; for they say in their verdict " under the instruction of the court marked 9th instruction for the defendant, they decided in favor of the defendant," clearly intimating, was it not for that instruction, the verdict would have been the other way. The judgment is reversed and the cause remanded for further proceedings, not inconsistent with this opinion.

*Judgment reversed.*