## The Concord Apartment House Company

*v.*

## W. D. O'Brien.

*Opinion filed June 19, 1907—Rehearing denied October 3, 1907.*

1. Building contracts—*when recovery may be had on common counts.* Where a building contract has been fully performed and the final certificate obtained and it only remains to pay the balance due, the contractor may sue and recover under the common counts, and the contract may be read in evidence for the purpose of showing its terms and to recover damages. (*Hart* v. *Carsley Manf. Co.* 221 Ill. 444, explained.)

2. Same—*secondary proof of lost certificate of superintendent may be made.* Where the final certificate of the building superintendent showing the amount due the contractor has been lost and proof of such fact is made, secondary proof of the contents of the certificate is admissible in an action by the contractor to recover on the common counts.

3. Same—*the provision for written order for changes may be waived.* Where a building contract provides that the superintend-

ent of the building shall be the agent of the owner for the purposes of the contract, and where the amount due the contractor has been fixed by agreement of the parties and set out in the final certificate of the superintendent, the contractor's right to recover on the common counts is not defeated because he made some changes in the work· at the verbal orders of the superintendent, even though the contract provides that such orders shall be in writing, since such provision may be waived by either party.

4. SAME—*when final certificate is conclusive evidence of performance.* Under a building contract providing that no payment or certificate, "except the final certificate or final payment," shall be conclusive evidence of the performance of the contract, the final certificate is conclusive evidence of performance except for fraud or mistake; and it is not essential to the right of the contractor to recover upon such certificate that he prove that the work was done in accordance with the plans and specifications.

5. SAME—*substantial performance in good faith is sufficient.* A literal compliance with the specifications of a building contract is not essential to a recovery by the contractor where he has substantially performed the contract.

6. INSTRUCTIONS—*what instructions, in suit on final certificate, are properly refused.* In an action under the common counts to recover upon a final certificate from the superintendent of the building, instructions casting upon the plaintiff the burden of proving full performance and permitting the defendant to recoup in damages if the contractor had made detrimental changes in the specifications are properly refused, where the contract makes the final certificate conclusive evidence of performance and the changes in the work were made at the direction of the owner's superintendent.

7. TRIAL—*counsel should be allowed to state his reasons for objecting to question.* Counsel who objects to a question asked of a witness should be allowed to state the grounds of his objection; but the refusal of the court to allow him to do so will not require reversal, where the question and answer were both proper and the action of the court was not prejudicial to appellant's case.

8. INTEREST—*interest is recoverable upon final certificate issued under building contract.* Under section 2 of the Interest act interest is recoverable in an action under the common counts to recover upon a final certificate issued under a building contract.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

This is an action in assumpsit under the common counts to recover upon a certificate claimed to be a final certificate issued as payment under a contract which provides, among other things:

Article 1: "The contractor, under the direction of and to the satisfaction of William M. Wheatley, who shall act as superintendent of and for the purposes of this contract as agent for said owner, shall and will provide all the materials and perform all the work mentioned in the specifications * * * for the building for the steam heating and hot water plant for the seven-story apartment building. * * *

Article 2: "No alterations shall be made in the work shown or described by the drawings and specifications except upon a written order of the superintendent, and when so made the value of the work added or omitted shall be computed by the superintendent, and the amount so ascertained shall be added to or deducted from the contract price;" that if either party·dissents to such award the valuation of work added or omitted shall be referred to three disinterested arbitrators, one to be appointed by each party and the third by the two so chosen, the decision of any two of whom shall be final and binding, each party to bear one-half of expense of such reference.

Article 3 provides that the contractor shall furnish proper facilities, at all times, for inspection of the work by the superintendent or his representatives, and on proper written notice change the work condemned.

Article 4 provides that if the contractor shall fail to furnish skilled workmen or proper materials or work, the owner may, after written notice, take possession of the work and do it himself or employ other persons to do it; that in such case the contractor shall not be entitled to further pay until the contract is so completed, and then only if there is a balance due, and "the expense incurred by the owner, as herein provided, for either furnishing materials or for finishing the work, and any damage incurred

through such default, shall be audited and certified by the superintendent, whose certificate thereof shall be conclusive upon the parties."

Article 5 provides for the time for the final completion of the work.

Articles 6 and 7 refer to delay, with provisions for appeal from the superintendent's decision to arbitration, as provided in article 2.

Article 8 provides the time of payment, and that all payments shall be made upon the written certificate of the superintendent to the effect that such payments have become due and according to the provisions of section 35 of the law of Illinois referring to sub-contractors' liens, etc. There is a further provision with reference to liens.

Article 9: "It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

There are further provisions in the contract as to keeping the work insured and not violating the city ordinances.

The contract was dated May 28, 1895. The work appears to have been completed about July 28, 1896. After having made frequent applications to Rolfe, the secretary of the company, and to Wheatley, the superintendent, for a final certificate, appellee on that date furnished to Rolfe a statement of what he claimed to be a balance of $4707.78. Rolfe, O'Brien and Wheatley met in Rolfe's office for the purpose of determining the amount due, and on August 10, 1896, a statement was made of the final amount due O'Brien, and the final certificate was issued by Wheatley to O'Brien under the contract, stating that there was due $4568. This certificate has never been paid. January 8, 1897, a mechanic's lien was filed by the appellee against the

company.   Rolfe, the secretary, inserted in the document filed, the amount due on this lien.   January 30, 1899, this suit was commenced in the circuit court of Cook county. In September, 1899, appellant company went into the hands of a receiver under a bill filed by the bondholders to foreclose a trust deed.   Appellee, to protect the material-men, assigned his claim against appellant to the creditors.   December 21, 1903, after trial, the jury returned a verdict for appellee for $6166, and judgment was rendered thereon. The case was thereupon taken by writ of error to the Appellate Court, where, after two rehearings, that court entered a *remittitur* for $821 and affirmed the judgment of the lower court for the balance, $5345.   Appeal was then prayed to this court.

JOSIAH BURNHAM, for appellant:

When there is a substantial failure to perform the contract, the party who should have performed is not entitled to maintain an action of general assumpsit on the common counts.   *Ellis* v. *Hamlin*, 3 Taunt. 52.

Where suit is brought on a special contract and only the common counts filed it is equivalent to an express averment that the contract has been fully performed, and where performance is alleged, excuse for non-performance cannot be shown.   *Forsyth* v. *Vehmeyer*, 55 Ill. App. 223; *Higgins* v. *Lee*, 16 Ill. 495.

In a suit on the common counts, where the contract has not been fully performed, the contract is not admissible in evidence on behalf of the plaintiff, even for the purpose of showing the contract price.   *Reed* v. *Phillips*, 4 Scam. 39.

Where there is an express contract there is no room for an implied contract, and if the express contract has not been fully performed according to its terms no recovery can be had on the common counts.   *Ellis* v. *Hamlin*, 3 Taunt. 52; *Peoria* v. *Construction Co.* 169 Ill. 36; *Parmly* v. *Farrar*, id. 606.

A final certificate must conform to the requirements of the contract or it will not be binding on the defendant, and the plaintiff cannot base an action thereon. *Barney* v. *Giles,* 120 Ill. 154; *Packard* v. *VanSchoick,* 58 id. 79.

When a party has filed a bill of particulars he is bound thereby, and cannot recover an amount in excess of that claimed in his bill of particulars nor items not included therein. *Hess.* v. *Dawson,* 51 Ill. App. 146; *Morton* v. *McClure,* 22 Ill. 257; *Clement* v. *Brown,* 30 id. 43.

Mere delay in making payment and defending a suit brought to enforce payment is not such unreasonable and vexatious delay as to authorize the allowance of interest. *County of Franklin* v. *Layman,* 145 Ill. 138.

It must be error for a trial court to deny to counsel the right to specify the grounds of objection when evidence offered is objected to. To do so is to deprive the party of all benefit of objecting to evidence, no matter how incompetent or objectionable it may be. It is well settled that one can not raise objections for the first time in the court of review, and his objections will not be considered there if he fails to show the specific grounds of objection in the court below. *Godfrey* v. *Knodle,* 44 Ill. App. 638; *Wilderman* v. *Pitts,* 39 id. 416.

When the contract is only partially performed, or anything remains to be done except the payment of the contract price, no recovery can be had on the common counts. *Hart* v. *Carsley Manf. Co.* 221 Ill. 444.

Thomas B. Marston, for appellee:

Where, in an action of assumpsit upon a contract, there remains nothing for plaintiff to do, a declaration containing only the common counts is sufficient. *Combs* v. *Steele,* 80 Ill. 101.

Where the common counts are relied on, it being plaintiff's claim that the contract has been fully completed, it is not error to introduce the written contract in evidence. *Fos-*

*ter* v. *McKeown,* 192 Ill. 339; *Fowler* v. *Deakman,* 84 id. 130; *Shepard* v. *Mills,* 173 id. 223; *Combs* v. *Steele,* 80 id. 101; *Adlard* v. *Muldoon,* 45 id. 193.

Where a building contract provides that payments shall be made upon the architect's certificates, his certificate issued under the contract is conclusive as to the amount and quality of work done, in the absence of any showing of fraud or mistake on his part. His decision, reduced to writing and signed by him, is the substantial act which determines the right of plaintiff to the money and the obligation of the defendant to pay. *Arnold* v. *Bournique,* 144 Ill. 132; *McAuley* v. *Carter,* 22 id. 53; *Lull* v. *Korf,* 84 id. 225; *Snell* v. *Brown,* 71 id. 133; *Fowler* v. *Deakman,* 84 id. 130; *Downey* v. *O'Donnell,* 92 id. 562.

The superintendent or architect is the sole judge under the contract in evidence, and his decision can be attacked only for fraud or mistake. In the absence of fraud, bad faith, refusal or incapacity of the architect to act, his finding is conclusive upon the parties. *McAuley* v. *Carter,* 22 Ill. 53; *Fowler* v. *Deakman,* 84 id. 130.

Such fraud or mistake cannot be shown by submitting to the jury evidence as to the quality of the work, but only by evidence touching the architect himself, to show that he was guilty of bad faith or did not exercise his real judgment. *Davis* v. *Gibson,* 70 Ill. App. 273; *Lull* v. *Korf,* 84 Ill. 225; *Downey* v. *O'Donnell,* 92 id. 562; *Arnold* v. *Bournique,* 144 id. 132.

When the architect or superintendent adjusted the account, determined the amount due and executed and delivered the final certificate, the rights of the parties became fixed. The loss or destruction of the final certificate subsequent to delivery did not preclude recovery. *Hunt* v. *Devine,* 37 Ill. 137; *Arnold* v. *Bournique,* 144 id. 132.

In building contracts a literal compliance with the specifications is not necessary—a substantial performance in good faith is sufficient. If there is no willful departure from the

terms of the contract or omission in the essential points, and the laborer has honestly and faithfully performed the contract in all its material and substantial particulars, he will not be held to have forfeited his right to remuneration by reason of mere technical, inadvertent or unimportant omissions or defects. The law imposes no such liability or penalty. *Sinclair* v. *Talmadge*, 36 Barb. 602; *Shepard* v. *Mills*, 173 Ill. 223; *Foster* v. *McKeown*, 192 id. 339; *Keeler* v. *Herr*, 157 id. 57.

Under the statutes of Illinois interest is allowable on liquidated accounts. Interest is recoverable under an award of arbitrators, as a settlement of accounts. Upon an amount found due on accounting under a written contract, interest may be recovered, even when the amount due is not stated in writing. *Clark* v. *Dutton*, 69 Ill. 521; *Ditch* v. *Vollhardt*, 82 id. 134; *Scely* v. *Pelton*, 63 id. 101; *Tucker* v. *Page*, 69 id. 179; *Warren* v. *Tyler*, 81 id. 15; *Dick Co.* v. *Letter File Co.* 157 id. 325.

Interest may be awarded without being claimed in the pleadings, being a mere incident to the debt. *Heiman* v. *Schroeder*, 74 Ill. 158; *McConnel* v. *Thomas*, 2 Scam. 313; *Willard* v. *DuBois*, 29 Ill. 48.

Mr. JUSTICE CARTER delivered the opinion of the court:

It is claimed by appellant that the contract was improperly admitted in evidence under the common counts. It is well established that where a contract has been performed and it only remains to pay the contract price for labor or property, the plaintiff may sue and recover under the common counts, and that the agreement may be read in evidence for the purpose of showing its terms and to recover damages. (*Adlard* v. *Muldoon*, 45 Ill. 193; 1 Chitty's Pl.— 14th Am. ed.—340.) Counsel for appellant admits this proposition without question, but strongly insists that it does not apply here because in this case the contract was not fully performed. With this contention we do not agree.

The proof shows that the final certificate was issued by. the appellant's superintendent after conference between himself, appellee and Rolfe, the secretary of the company; that appellee returned the certificate to Rolfe, and that is the last ·he knew of it.    He did not remember whether Rolfe returned it or not.    Appellee testified that he made a search among his papers and could not find it.    Rolfe stated in his testimony that such a certificate was issued, and agreed with the testimony of the appellee as to the amount it showed as due. In 1898 attorney W. W. Augur, representing some of the creditors of O'Brien, called on Rolfe, at that time manager and secretary of appellant company, to ascertain the exact amount due O'Brien.    Rolfe gave to Augur the following certificate:

"This is' to certify that a final certificate for $4568 was issued by the Concord Apartment House Company in favor of W. D.ˍ O'Brien, August 10th, A. D. 1896.    A. A. ROLFE, *Secy.*"

If it was error to admit this as a part of appellee's testimony given in chief it did not in any way harm appellant, because Rolfe afterward took the stand and admitted the truth of this written statement.    The certificate having been lost it was proper to prove its contents.    The fact that it was lost did not change the rights or relations of the parties nor in any way affect the validity of the certificate.    (*Arnold* v. *Bournique,* 144 Ill. 132.)    There was proof tending to show not only the form but the substance of this lost certificate, and it seems to have been in substantial compliance with the law and the contract.

It is urged that appellee failed to complete his contract as to the automatic regulator, fusible plugs and coil of galvanized iron pipe, and that the brickwork about the boilers was not in accordance with the specifications and contract. On all of these questions there was a conflict of evidence, hence, as this court has repeatedly held, the finding of the lower court and the judgment of the Appellate Court on such questions are conclusive.

Appellee admitted that he had made slight changes from the specifications in carrying out the contract but claimed that these changes were authorized and directed by the superintendent, and that although no written order was given, under the first article of the contract the superintendent acted as agent of said owner and hence had authority to permit these alterations. After the amount due has been fixed by agreement of the parties and set out in the final certificate it would be manifest injustice to hold that the contractor could not recover because he had no written order from the superintendent for the modifications. The contract in this respect was as binding upon the superintendent, and through him upon the owner, as it was upon the contractor. Either party could waive the requirements as to written notice. On this record the appellant clearly waived any right to insist on this point.

Appellant contends that even on this state of the record, under the decision of the court in *Hart* v. *Carsley Manf. Co.* 221 Ill. 444, the contract was improperly admitted in evidence, and no recovery could be had on the common counts because all of the conditions precedent were not complied with. In this last case the final certificate was not issued as required by the contract, and this was held to be a condition precedent. Under the reasoning in that case, had the final certificate been issued a recovery could have been had under the common counts. This court held in *Catholic Bishop of Chicago* v. *Bauer,* 62 Ill. 188, that "when there has been full performance [of the contract] and nothing remains to be done but the payment of the money, or where there has been only part performance and the remainder has been waived or prevented and the work performed has been accepted, then, in either case, recovery may be had for the contract price of the service performed, under an *indebitatus assumpsit.*" This decision on this point has been quoted with approval by this court in *Mount Hope Cemetery Ass.* v. *Weidenmann,* 139 Ill. 67, *O'Brien* v. *Sexton,* 140 id. 517,

228—24

*Foster* v. *McKeown*, 192 id. 339, and *Rubens* v. *Hill*, 213 id. 523. In *Fowler* v. *Deakman*, 84 Ill. 130, this court held that although there was a special count which did not in some respects conform to the proof, the introduction of a written statement of the architect showing why he had not given a final certificate was a sufficient excuse for not procuring the certificate, and that this statement was admissible under the common counts. In harmony on this point with the decisions just quoted are *Shepard* v. *Mills*, 173 Ill. 223, and *Evans* v. *Howell*, 211 id. 85. We do not think the decisions of *Hart* v. *Carsley Manf. Co. supra, City of Peoria* v. *Construction Co.* 169 Ill. 36, and *Parmly* v. *Farrar*, 169 id. 606, cited by appellant, in any way conflict with this conclusion. It was not error to admit the contract or to permit judgment to be entered under the common counts.

Appellant asked two instructions which were refused by the court. The first sets forth that the burden of proof was on the plaintiff to show that the heating plant was finished in accordance with the plans and specifications, and that if it was not so finished the plaintiff was not entitled to recover. The appellant insists that notwithstanding the granting of the final certificate the burden of proof still rested upon appellee to show that the contract was complied with, before he could recover; that under the provisions of the contract the certificate of the architect was not binding, claiming that there was nothing in the contract to show that the finding of the architect should be conclusive. On the contrary, it is contended that an appeal was allowed from his decision to the three arbitrators. We conclude from a study of the contract that this appeal to the arbitrators is only permissible as to those portions of the contract found in articles 2, 6 and 7. It is stated, in terms, that as to the provisions of article 4 the superintendent's certificate "shall be conclusive." Whether the appeal to the arbitrators mentioned in article 2 applies to the whole contract or not, it cannot be availed of at this late date. No objection

was made for years after the completion of the contract and no attempt to dissent from the decision of the superintendent. A somewhat similar provision was found in the contract passed on in this court in *Parmelee* v. *Hambleton*, 24 Ill. 605. Under that decision we think appellant cannot now invoke this provision in the contract in this proceeding. (See, also, *Pacaud* v. *Waite*, 218 Ill. 138.) This being so, under article 9 of the contract the granting of the final certificate was "conclusive evidence of the performance of this contract," and could be overthrown only by proof of fraud or mistake. (*McAuley* v. *Carter*, 22 Ill. 53; *Korf* v. *Lull*, 70 id. 420; *Hennessy* v. *Metzger*, 152 id. 505; *Barbee* v. *Findlay*, 221 id. 251; *Lohr Bottling Co.* v. *Ferguson*, 223 id. 88; *Stose* v. *Heissler*, 120 id. 433.) The cases of *VanBuskirk* v. *Murden*, 22 Ill. 446, and *Monahan* v. *Fitzgerald*, 164 id. 525, do not attempt to lay down a contrary rule. The defects in the work in both of those cases were held to amount to fraud. No valid claim can be made that there is any proof of fraud on this record. The only claim made as to defective work by anyone competent to testify from experience was by a witness who never saw the work until three years after it was completed. Neither the superintendent nor any one else in charge of the work when it was being executed was called to testify, and no explanation was given or attempted as to why this was not done. Most, if not all, of the defects claimed were slight. It has been held frequently that in building contracts a literal compliance with the specifications is not necessary to a recovery by the contractor. A substantial performance in good faith is sufficient. (*Keeler* v. *Herr*, 157 Ill. 57; *Evans* v. *Howell*, *supra*.) This instruction, which cast the burden of proving that the contract had been fully carried out upon appellee, was properly refused. The second refused instruction set forth that if, by reason of a departure from the specifications, the plant was less effective than if constructed in accordance therewith, the defendant was entitled to recoup

or set off damages. This instruction was properly refused for the reasons given as to the other instruction. The certificate of the architect was conclusive unless overthrown because of fraud or mistake. Both these instructions were properly refused, also, on the ground that they ignored the explanation in the testimony by the plaintiff that some of the departures complained of were authorized by the superintendent.

Appellant also complains of the modification of the third instruction. As originally drawn this authorized a set-off for unfitness of the appliances for the purpose for which they were made, and was modified by the court by adding a provision unless the defect was occasioned by the act or interference of appellant. There is nothing in the record to indicate any fraud or mistake that would invalidate the final certificate. That instruction, therefore, whether in the modified or original form, should have been refused.

On the re-direct examination of the appellee one of the counsel for appellant objected to one of the answers, and asked to have it stricken out on the ground that it was not responsive. The court overruled the motion. This is complained of. Such matters are entirely within the discretion of the trial court, and a case will not be reversed on such rulings unless the discretion is plainly abused.

The next question asked of the same witness was as follows: "Do you make that same statement with reference to all the changes you made in those specifications?" One of the counsel for appellant objected to the question, but the court said the witness might answer. Thereupon associate counsel of appellant said, "I wish to state the grounds of our objection." The court thereupon said, "I don't care what your grounds are." Exception was taken to this ruling. The witness answered, "I acted directly under Mr. Wheatley's advice and instructions all through." The question and answer were both proper, but counsel should have been permitted to state his grounds of objec-

tion.  Neither he nor his associate had made clear why they objected.  It is the duty of counsel always to state the ground of objection.  In many instances a general objection without stating the reasons is insufficient, but we do not think appellant was so prejudiced by this ruling of the court that this should reverse the case.

Appellant also objects to the admission of certain testimony on the re-direct examination of appellee, and especially to his answer that they "expressed themselves as perfectly satisfied."  Appellant claims that the witness did not say who expressed themselves, or when, or where or what was said.  We have examined the record as to this evidence and find that the witness fully explained who were talking and what was said, and it is clearly inferable from his evidence when and where the conversation took place.

Appellant also objects to the ruling of the court in refusing to allow appellee to be asked, on cross-examination, as to the payment of a certain bill.  The record discloses that the court sustained the objection to this question on the ground that it was not proper cross-examination.  We think the court was right in this ruling.

The re-direct examination of appellee is also complained of.  This subject was within the sound discretion of the trial court.  We have read the entire re-direct examination, and do not think there was any such abuse of this discretion as to be reversible error.

We think the interest on the unpaid balance was properly allowed under section 2 of chapter 74, Hurd's Statutes of 1905.  See, also, on this point, *Palmer* v. *Meriden Britannia Co.* 188 Ill. 508; *Keeler* v. *Herr, supra; Heiman* v. *Schroeder,* 74 Ill. 158.

We have gone over not only the briefs and abstracts, but the record as well.  We find no reversible error.

The judgment of the Appellate Court will accordingly be affirmed.                              *Judgment affirmed.*