SECOND DISTRICT—JULY, 1914.        629

Price v. The Board of Local Improvements, 187 Ill. App. 629.

# Arwin E. Price, Appellee, v. The Board of Local Improvements of the City of Elgin et al., Appellants.

## Gen. No. 5,974.

1. MUNICIPAL CORPORATIONS, § 398*—*section 83 of Local Improvement Act construed.* Section 83 of Local Improvement Act, J. & A. ¶ 1476, in so far as it may be construed to mean that the board of local improvements is final arbiter upon the question whether the contract for the improvement has been substantially complied with must be regarded as repealed by section 84 of such act as amended in 1903, J. & A. ¶ 1177.

2. MUNICIPAL CORPORATIONS, § 398*—*section 84 of Local Improvement Act construed.* Under section 84 of the Local Improvement Act as amended in 1903, J. & A. ¶ 1177, where the contractor has finished the work and the board of local improvements considers that the work has not been done in substantial compliance with the contract, the board is required to certify that fact to the court where the assessment was made, and that court has complete jurisdiction to determine whether there was a sufficient compliance with the contract.

3. MUNICIPAL CORPORATIONS, § 393*—*jurisdiction to determine compliance with improvement contract.* Where an assessment for a local improvement has been made and divided into instalments and the proceeding has been conducted in the County Court, such court has the sole jurisdiction to determine whether the work has been completed in substantial compliance with the contract.

4. MUNICIPAL CORPORATIONS, § 393*—*jurisdiction of Circuit Court to determine compliance with improvement contract.* The Circuit Court, on petition filed by a contractor for a mandamus to compel the board of local improvements to certify the cost of the work and the amount estimated to be required to pay accruing interest on bonds and vouchers issued to anticipate the collection of the assessment, has no jurisdiction to try the question whether the work was done in substantial compliance with the contract.

5. MANDAMUS, § 173*—*when order construed as requiring filing of certificate in County Court.* An order of the Circuit Court requiring the board of local improvements to certify the cost of an improvement, construed as requiring the certificate to be filed in the County Court when considered with the allegations of the petition and the statute.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

EUGENE CLIFFORD, for appellants.

CHARLES H. FISHER, ERNEST C. LUTHER and WILLIAM E. PERCE, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The city of Elgin duly adopted an ordinance for the improvement of Walnut avenue in said city. A contract therefor was duly let to Arwin E. Price for $41,163.07. The contractor proceeded with the work and claimed that he had completed it according to contract. The contract provided that it should be paid for by ten annual assessments, and the proceeding to levy assessments was conducted in the County Court of Kane county. The board of local improvements of said city refused to certify to said court the completion of said work. Price sued the city to recover the balance remaining due him. The Supreme Court held that that was not his remedy. *Price v. City of Elgin,* 257 Ill. 63. Thereupon he began this suit by filing, in the Circuit Court of Kane county, a petition against the said board of local improvements and the respective members thereof, for a mandamus, to compel said board to certify in writing to the County Court of Kane county the cost of the work and the amount estimated to be required to pay accruing interest on bonds and vouchers, issued to anticipate the collection of said assessment, and to take the steps and proceedings prescribed by section 84 of the Local Improvement Act. (J. & A. ¶ 1477.) In said petition, Price set forth fully the ordinance and the contract, and alleged that he had completed the work and that the board refused to so certify. Respondents filed an

answer in which they alleged that in various respects the work done by Price did not comply with the contract; and they denied that they were required to make any certificate until the work had been completed to their satisfaction, and they denied the jurisdiction of the court. Petitioner demurred to said answer and the demurrer was sustained. Respondents elected to abide by their demurrer. There was a final judgment, that a peremptory writ of mandamus issue to said board, commanding it to forthwith certify in writing the cost of the improvement, and the amount estimated by the board to be required to pay accruing interest on bonds and vouchers and to state in said certificate whether or not said improvement conformed substantially to the requirements of the original ordinance for the construction of the improvement, and to make an application to said court to consider and determine whether or not the facts stated in said certificate are true, and to take the steps and proceedings required by section 84 of the Local Improvement Act. This is an appeal by the respondents from that judgment.

The original act concerning local improvements, in force July 1, 1897 by section 83 thereof, required the work to be done to the satisfaction of the Board of Local Improvements, and section 84 contained nothing to the contrary. Section 84 was amended in 1903. As amended, it required the Board of Local Improvements within thirty days after the final completion and acceptance of the work to cause the cost thereof to be certified in writing to the court in which said assessment was confirmed, together with the amount estimated to be required to pay accruing interest on bonds or vouchers issued to anticipate collection, and it provided what should then be done in said proceeding, and it provided that if the assessment had been divided into instalments ''it shall also be the duty of the board of local improvements to state in said certificate whether or not the said improvement conforms sub-

632    APPELLATE COURTS OF ILLINOIS.

Price v. The Board of Local Improvements, 187 Ill. App. 629.

stantially to the requirements of the original or-
dinance for the construction of the improvement, and
to make application to said court to consider and de-
termine whether or not the facts stated in said cer-
tificate are true.'' The section then provided for an
order fixing the time and place for hearing the matter
and for notice thereof, and for a hearing and for a
determination of the matter in a summary manner,
which order, it provided, should be conclusive upon the
parties, and that no appeal or writ of error should be
allowed therefrom. And it provided, if the court
found that the improvement had not been completed
in substantial accord with the ordinance, how and in
what manner it should be completed, and what pro-
cedure should thereafter be followed. The language
of the amended section 84 is not entirely harmonious,
and there are places in it which imply that the certif-
icate filed by the board will be that the contract has
been complied with. Nevertheless, when the whole
section is considered together, we conclude that we are
not at liberty to hold that the words ''whether or not,''
in the above extract from said section, were passed by
the Legislature through inadvertance, as counsel for
appellants insist is the case, but rather, that we must
give them due effect. As this section is not in harmony
with section 83 (J. & A. ¶ 1476), we must hold that sec-
tion 84 as amended repeals so much of section 83 as is
in conflict with the new section 84. *Lang v. Friesen-
ecker,* 213 Ill. 598. If the provisions of section 83
meant that the Board of Local Improvements were the
final arbiters upon the question whether the work had
been performed in substantial compliance with the
contract, and the contractor had no redress against
their adverse decision, unless they were guilty of fraud,
that provision must be considered as abrogated by the
amended section 84; and we hold it to be the meaning
of that section, when fully considered—and notwith-
standing some contradictory language—that if the

contractor has finished the work, and the board considers that the work has not been done in substantial compliance with the contract, it is then required to certify that fact to the court where the assessment was made, and that court has complete jurisdiction to determine whether the contract has been fully performed, and, if not, to determine in what particulars it has not been fully performed, and to set in motion the machinery by which the Board of Local Improvements shall cause the work to be completed. In this case, the assessment had been made and had been divided into instalments and the proceeding had been conducted in the County Court of Kane county, and it therefore had sole jurisdiction to determine whether the work had been completed in substantial compliance with the contract, and the Circuit Court in this proceeding could not determine that question because jurisdiction over that subject-matter had already been acquired by the County Court. It could not well be that the County Court could have jurisdiction to finally decide the question, and at the same time the Circuit Court could try and decide the same question, in a proceeding where an appeal would lie from its decision. We are of opinion that the Circuit Court properly refused to try the question whether the contract had been complied with, and properly directed the Board of Local Improvements to file a certificate in the County Court, which will bring that question before that court, and it can direct further steps if the work has not been fully completed pursuant to contract. The order appealed from is vague, in that it does not expressly state in what court a certificate is to be filed. But when the allegations of the petition and the statute are considered together, it is plain that it means the County Court of Kane county.

The judgment is affirmed.

*Affirmed.*