**Lawrence E. White et al., Plaintiffs in Error, v. City of Ottawa et al., Defendants in Error.**

## Gen. No. 7,196.

1. LOCAL IMPROVEMENTS AND ASSESSMENTS—*jurisdiction of county court to require performance of contract in conformity with ordinance exclusive.* A bill by abutting owners for a mandatory injunction requiring contractors for street improvements to construct the work in literal compliance with the contract and ordinance and to restrain the city from issuing bonds and vouchers for the work as not done in conformity with the ordinance, filed in the circuit court during the progress of the work, which was to be paid for by assessments divided into installments, is demurrable under Local Improvement Act, sec. 84, as amended in 1903, Cahill's Ill. St. ch. 24, ¶ 214, requiring the board of local improvements to state, in its certificate to the county court which confirmed the assessments, of completion and acceptance of the work, whether or not the improvement conforms substantially to the requirements of the ordinance and to make application to the court to consider and determine that question and making the order of the court conclusive on all parties, since that provision gives exclusive jurisdiction to the county court to determine the sufficiency of performance and affords the taxpayer all necessary relief against fraud or nonperformance.

2. LOCAL IMPROVEMENTS AND ASSESSMENTS—*when allegations of bill insufficient to show that improvement different from that required by ordinance.* A bill filed in the circuit court by abutting owners for a mandatory injunction against a city and local improvement contractors to require literal performance of such contract before payment is made therefor, which recognizes the validity of the improvement ordinance and that the work is being

performed thereunder, is insufficient to oust the county court of its exclusive jurisdiction to determine the sufficiency of performance, where it is alleged merely that the work is at variance with the terms and provisions of the ordinance as to character, kind and quality of material used, the method of performance and the manner and form of construction but not that the improvement is different from that provided for and required by the ordinance.

3. INJUNCTIONS—*allegations of fraud insufficient to warrant injunction where statutory remedy provided.* The county court is not ousted of jurisdiction to determine the sufficiency of performance of a contract for local improvements conferred on it by Local Improvement Act, sec. 84, as amended in 1903, Cahill's Ill. St. ch. 24, ¶ 214, by allegations of a bill for mandatory injunction filed in the circuit court by abutting owners charging the contractors with fraud in the performance of the contract, since section 84 is intended to prevent such fraud and vests the county court with full power to require substantial performance under the ordinance and the contract as a condition precedent to any liability on the assessments by the taxpayers.

4. LOCAL IMPROVEMENTS AND ASSESSMENTS—*provisions of act conclusive as to jurisdiction of county court under installment assessments.* The provisions of Public Improvement Act, sec. 84, as amended in 1903, Cahill's Ill. St. ch. 24, ¶ 214, conferring jurisdiction to determine the sufficiency of performance of a contract for local improvements where the assessments are payable in installments upon the county court which confirmed the assessments, are conclusive that the decision of that court in such manner is final and exclusive.

5. LOCAL IMPROVEMENTS AND ASSESSMENTS—*substantial performance of contract sufficient.* Under Local Improvement Act, sec. 84, as amended in 1903, Cahill's Ill. St. ch. 24, ¶ 214, conferring exclusive jurisdiction upon the county court, upon certificate of the board of local improvements, to determine whether a contract has been substantially performed under the improvement ordinance, a court of equity has no jurisdiction of a bill by taxpayers to require "literal" performance as a condition precedent to payment.

Error by plaintiffs to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed September 7, 1923.

WOODWARD, HIBBS & POOL, GLEIM & COLWELL and BUTTERS, CLARK & BUTTERS, for plaintiffs in error.

H. L. RICHOLSON, City Attorney, for defendants in

error City of Ottawa, George V. B. Weeks, Edward J. Dougherty, Dana M. Palmer, Charles J. Sticklen, William Bradley, W. W. Curtis and Edmund J. Cassidy; A. J. O'Connor, of counsel.

Geo. D. Long, for defendants in error V. C. McLain and A. G. Fletcher; Tom W. Smurr, of counsel.

Mr. Justice Jett delivered the opinion of the court.

This is a writ of error sued out by plaintiffs in error with a view of reversing the decree of the circuit court of La Salle county, sustaining the demurrers of defendants in error to the bill of complaint of plaintiffs in error, and dismissing the bill for want of equity at the cost of plaintiffs in error. The bill, filed by plaintiffs in error sought to enjoin the construction of certain paving improvements, then being made in the City of Ottawa, alleged, among other things, that the plaintiffs in error and each of them are taxpayers and owners of real estate in the City of Ottawa, abutting and adjoining certain streets to be improved by grading, draining, curbing and paving under an ordinance adopted by said city May 3, 1922, and set out in the bill of complaint, and providing for an assessment to be divided into instalments; a contract for the construction of the improvements was let to the defendants, V. C. McLain and A. G. Fletcher, partners, doing business under the firm name of the Midwest Engineering Company; that these defendants commenced work under such contract; in the performance of such contract used inferior material and did not comply with the ordinance as to the manner of construction, setting forth in detail that the bricks as laid varied in quality from those specified, that the foundation in places is not such as is required and less than the required proportion of cement was used; the combined curb and gutter is not of the exact width and thickness specified, and the

work performed is materially variant from the terms and provisions of the improvement ordinance; and prays that because of said material variations a mandatory writ of injunction issue, requiring the contractors to construct the work in conformity with the improvement ordinance and the city be restrained from issuing bonds and vouchers for work not done in conformity with the improvement ordinance.

The contentions of plaintiffs in error are:

First, that under the facts alleged by the bill and admitted by the demurrers, a clear case is stated for relief in a court of equity.

Second. That by the conceded facts, the improvement being constructed is not only constructed with variations and imperfections not warranted by the ordinance, but that it is in fact a different improvement than the one provided for by the ordinance.

Third. That section 84 of the Local Improvement Act [Cahill's Ill. St. ch. 24, ¶ 214] is not an exclusive remedy afforded to the property owner under the facts alleged in the bill. That section 84 is not a complete and adequate remedy; that at most it only affords the owner the right to require a substantial performance of the contract, but that in equity he may, by acting in apt time, procure a literal performance of the contract.

It is the insistence of the defendants in error that it is not now legally possible to divest the county court of its sole and exclusive jurisdiction in this particular and invest it in the circuit court by a bill for an injunction. That the statute in question, namely, section 84, as amended in 1903, of the Local Improvement Act, has conferred upon the county court not only the exclusive and sole right to pass upon the question of substantial compliance with the ordinance but has specifically made the finding of the county court conclusive upon this subject.

It is quite clear that the object and purpose of the bill filed by plaintiffs in error is to submit to the jurisdiction of the circuit court for trial the question

as to whether or not the improvement is being constructed in accordance with. the terms and provisions of the ordinance and contract. If the owners of the property abutting and adjoining the streets to be improved can by a bill for an injunction institute a proceeding in the circuit court and there litigate the question of substantial compliance with the ordinance the plain and specific provisions of the statute are nullified and the jurisdiction conferred upon the county court by the statute abrogated.

Plaintiffs in error do not controvert the proposition that after the improvement is completed the county court has sole and exclusive jurisdiction to determine whether the finished work complies substantially with the ordinance, but maintain that while the work is in progress they have the legal right to have it performed in accordance with the ordinance and not otherwise. The Local Improvement Act having made no provision for the exercise of such right, it is insisted by plaintiffs in error the property owner may resort to equity for relief.

The original act concerning local improvements, in force July 1, 1897, by section 83 thereof, required the work to be done to the satisfaction of the board of local improvements, and section 84 contained nothing to the contrary. Section 84 was amended in 1903. As amended it required the board of local improvements within thirty days after the final completion and acceptance of the work to cause the cost thereof to be certified in writing to the court in which said assessment was confirmed, together with the amount estimated to be required to pay accruing interest on bonds or vouchers issued to anticipate collection, and it provided what should then be done in said proceeding, and it further provided that if the assessment had been divided into instalments, "it shall also be the duty of the board of local improvements to state in said certificate whether or not the said improve-

ment conforms substantially to the requirements of the original ordinance for the construction of said improvement, and to make application to said court to consider and determine whether or not the facts stated in said certificate are true."

This section then provided for an order fixing the time and place for hearing the matter and for notice thereof, and for a hearing and for a determination of the matter in a summary manner, which order, it provided, should be conclusive upon the parties, and that no appeal or writ of error should be allowed therefrom. And it provided, if the court found that the improvement had not been completed in substantial accord with the ordinance, how and in what manner it should be completed, and what procedure should be thereafter followed.

This section of the statute was before this court in the case of *Price v. Board of Local Improvements,* 187 Ill. App. 629. It appears that Price completed an improvement in the City of Elgin, and after the work was completed the board of local improvements refused to certify to the county court the completion of said work. Price filed a petition against the board of local improvements for mandamus to compel said board to certify to the county court in accordance with section 84 of the Act. The board of local improvements filed an answer to the petition and set up that the work done by Price did not comply with the contract and that they were not compelled to certify until the work was completed, and they denied the jurisdiction of the county court. Price filed a demurrer to the answer, which was sustained, and the writ ordered issued, and the respondents elected to abide by their demurrer.

It will be observed that the board of local improvements attempted to try out in the circuit court, under the allegations of the answer filed to the petition for a writ of mandamus, the question as to whether the

work had been performed in conformity with the ordinance. In other words, it was attempted to confer upon the circuit court the jurisdiction to try this question, as against the exclusive jurisdiction given by the statute to the county court. This court on page 633 said: "In this case, the assessment had been made and had been divided into instalments and the proceeding had been conducted in the county court of Kane county, and it therefore had sole jurisdiction to determine whether the work had been completed in substantial compliance with the contract, and the circuit court in this proceeding could not determine that question because jurisdiction over that subject-matter had already been acquired by the county court. It could not well be that the county court could have jurisdiction to finally decide the question, and at the same time the circuit court could try and decide the same question, in a proceeding where an appeal would lie from its decision. We are of the opinion that the circuit court properly refused to try the question whether the contract had been complied with, and properly directed the board of local improvements to file a certificate in the county court, which will bring that question before that court, and it can direct further steps if the work had not been fully completed pursuant to contract."

The said case of *Price v. Board of Local Improvements* was affirmed by the Supreme Court, 266 Ill. 299. The court, in discussing the amendment of 1903 to section 84 of the Local Improvement Act, on page 302 said: "The amendment relates to that class of improvements in which the assessment is divided into instalments, and so far as any other assessments are concerned, the law remains as it was before the amendment. It was evidently intended to make an exception of assessments divided into instalments, payable in the future, against which bonds are issued, and to make provision that as to such assessments the decision of the board should not be conclusive,

either against the property owners bound to pay the assessments or the contractor claiming he had fulfilled his contract. It was therefore determined to commit the decision of that question to the county court, with notice and opportunity of all parties to be heard, leaving the certificate of the board to have prima facie effect only. The amendment took away from the board of local improvements, and conferred upon the court, the power to finally determine whether a local improvement has been constructed substantially in accordance with the ordinance providing for it."

It was sought in the suit of *Case v. City of Sullivan*, 222 Ill. 56, by mandamus filed by the contractor, to compel the issuance of improvement bonds in payment for certain paving completed by the contractor. The petition failed to allege that a certificate had been filed and hearing had in the county court in conformity with the provisions of section 84 of the Local Improvement Act, as amended in 1903. The court held that by the amendment neither the city nor the property owner is bound by the certificate of the board of local improvements, and that the city is not bound to issue bonds in payment of the work until the question of substantial compliance with the contract is determined by the county court, and on page 61 the court said: "It would seem apparent the city ought not to be required to issue improvement bonds in payment of an improvement until it had been judicially determined, in the manner pointed out in the statute, that the improvement constructed was substantially the improvement provided for in the ordinance, as otherwise the city might be required to issue improvement bonds to pay for an improvement not provided for by the improvement ordinance, and one which the court might eventually refuse to permit the board of local improvements to accept, and which it would order said board of local improvements to have com-

pleted, as contemplated in accordance with the ordinance."

The court thereby holding, as indicated by the language herein used, that a judicial determination, in the manner pointed out in the statute, of the question here at issue, means a determination of that question by the county court and not by the circuit court. On said page 61 of the same opinion the court further said: "We think the amendment to section 84 was passed mainly to prevent a local improvement, not constructed substantially in accordance with the improvement ordinance, being foisted upon property owners by the action of the board of local improvements, and was intended to afford the property owner, as well as the city, a speedy and summary hearing on that question before the tribunal wherein the assessment was confirmed, before the property owner should be required to pay his assessment or the city to issue improvement bonds in payment thereof."

It will be seen that the purpose of the enactment in question was to protect the taxpayers from the very thing which plaintiffs in error contend can only be secured by a bill for injunction. The taxpayers cannot be compelled to pay for an improvement not in conformity with the ordinance, and the board of local improvements is no longer vested with authority to decide the question of substantial compliance.

It is also contended that the improvement in question is different from that provided for, and required by the improvement ordinance. It will be observed that there is no allegation in the bill that the ordinance is void, or that the work is different from that provided in the improvement ordinance. The bill proceeds upon the theory that the contractors are operating under a valid ordinance and performing the work in question by virtue of the ordinance and the contract entered into. We do not understand that it is charged in the bill the work being done was

different from that provided in the ordinance, but the contrary is shown in and by paragraph 12 of the bill, which reads as follows: "Said improvement is materially at variance from the terms and provisions of said ordinance, both as to character, kind and quality of material used and as to the method of performing the same, and the manner and form of construction thereof, so that said job, when completed, will be materially less in value than that contemplated by said ordinance and contract, all of which will appear by a proper inspection of said work, and by the terms and provisions of said ordinance."

It is further insisted by plaintiffs in error that the allegations of fraud contained in the bill are in and of themselves sufficient to warrant the intervention of a court of equity with the extraordinary writ of injunction. If the work in question does not conform substantially to the ordinance, the taxpayers will never have to pay anything for this improvement, in any event until the improvement is made to conform to the terms of the ordinance. The statute protects the taxpayer, and the court has so held that the purpose of the amendment to said section 84 was to protect against fraud upon the part of the board of local improvements. In construing the amendment in question, the court holds it was passed mainly to prevent a local improvement not constructed substantially in accordance with the improvement being foisted upon property owners by the action of the board of local improvements. *Case v. City of Sullivan, supra; People v. Conway,* 253 Ill. 145.

Plaintiffs in error contend that the mere dividing of an assessment into instalments has no significance whatever, and does not deprive a court of equity of its jurisdiction. It is an answer to this suggestion to say that the statute specifically indicates which court shall have jurisdiction of the subject-matter, and provides that the decision of that court shall be

final. The fact is the legislature did confer jurisdiction upon the county courts, and the court of last resort in a number of cases, has held that the decision of the county court under this jurisdiction, as conferred, is conclusive.

Plaintiffs in error cite no cases which sustain the contention that, in a public improvement of the kind under consideration, the contractor can be required to give a greater degree of performance under a bill for injunction by a property owner than upon the consideration of the final certificate of the board of local improvements. It cannot be possible that the circuit court can require any different compliance with the terms of the ordinance than the statute requires and the statute requires a *substantial compliance.*

In the case of the *People v. Omen,* 290 Ill. 59, it was contended that section 84 was unconstitutional because it provided that the ordinance is to be only "substantially performed"; that in order to be constitutional it should have been provided that the ordinance was to be literally or entirely performed or complied with; that the word "substantial" means that the ordinance need only be complied with according to the particular idea of the man who at the time may be sitting as judge; that to hold this provision of said section constitutional is to deprive the property owner of due process of law as that term should be understood in the state and federal constitutions and as the fourteenth amendment as to due process of law has been construed by the federal Supreme Court.

In reply to this contention, on pages 65-66, the court said: "We cannot agree with the argument or conclusion of counsel for appellant on this question. A substantial compliance or performance means a compliance with the essential requirements of an ordinance. (*Fitzgibbons v. Galveston Electric Co.* [Tex. Civ. App.], 136 S. W. 1186.) Substantial performance of a contract means performance in all the essen-

tial elements necessary to the accomplishment of the purpose of the contract. (*Manning v. School Dist. No. 6 of Fort Atkinson,* 124 Wis. 84.) 'Substantial' means in substance; in the main; essential, including material or essential parts. (See authorities cited in 4 Words and Phrases, 2d series, pp. 750, 751.) It has been said by this court that 'in building contracts a literal compliance with the specifications is not necessary to a recovery by the contractor. A substantial performance in good faith is sufficient.' (*Keeler v. Herr,* 157 Ill. 57; *Evans v. Howell,* 211 Ill. 85; *Concord Apartment House Co. v. O'Brien,* 228 Ill. 360.) This court, in discussing, in *Planing Mill Lumber Co. v. City of Chicago,* 56 Ill. 304, the form of the common-law record in the trial court, said (p. 305): 'So long as justice is administered under the common-law we must adhere to all the substantial forms of that system, except so far as they have been abolished by the legislative department of the State.' It is the substance, and not the form, that is sought in the enforcement of contracts, ordinances or agreements of similar nature. * * * To require an ordinance to be literally complied with, as argued by counsel for appellant, might often defeat some of the essential requirements of the ordinance. The present wording of the statute with reference to substantial compliance with the provisions of the ordinance is far more reasonable and just to all parties interested than would be a statute requiring a literal compliance. That would be giving more weight to form than to substance.''

In the consideration of this cause it should be borne in mind that the doctrine of equitable relief as invoked and applied prior to the amendment of 1903 to section 84 did not arise by virtue of any particular enactment. The relief was granted under the broad equitable powers of the court for the reason there was no other procedure specifically and exclusively

provided by the statute. Relief was afforded because it was the only way it could be obtained, as there was no statutory enactment prescribing a different mode of procedure and vesting a particular court with authority to finally and conclusively determine the question.

We are therefore of the opinion that the statute as amended has created a tribunal by which compliance with the ordinance can and must be determined; that the statute specifically points out the method of procedure and makes the county court the sole and exclusive court having jurisdiction of the subject-matter. It is no longer necessary for the property owner whose property is to be assessed, where the assessment is divided into instalments, to seek relief during the progress of the work.

We therefore conclude that the demurrers were properly sustained to the bill, and that the decision of the circuit court in dismissing the bill should be and is affirmed.

*Judgment affirmed.*