MORTON BUILDINGS, INC., Plaintiff-Appellant, *v.* JAMES A. WITVOET, Defendant-Appellee.

Third District    No. 79-972

Opinion filed November 26, 1980.

Betsy Pendleton Wong, of Phebus, Tummelson, Bryan & Knox, of Urbana, for appellant.

James A. Witvoet, of St. Anne, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The parties to this appeal are not strangers to this court. (See *Morton Buildings, Inc. v. Witvoet* (1979), 70 Ill. App. 3d 55, 388 N.E.2d 258.) The plaintiff, Morton Buildings, is still attempting to recover money due for the sale and erection of a building. The plaintiff filed a complaint in the Circuit Court of Kankakee County seeking to recover money due under a construction contract, or in the alternative, that it be awarded damages for having substantially performed the contract which was entered into with the defendant.

Evidence adduced at the trial disclosed that insulating sheets were used in the building and that on seven or eight percent of the sheets the thin aluminum covering was wrinkled. The covering, however, was not torn and the insulating effectiveness of the sheets was not impaired. Evidence did not support the defendant owner's claim that "walk in" doors did not seal properly and hence were defective. That air would get in around the doors was not indicative of a defect since the doors were the kind called for in the contract, and they were properly installed. There was also evidence of dented gutters and metal on one end of the building, but such evidence was silent as to the number or size of the dents or whether this damage occurred prior to or after the completion of the building. Evidence adduced also failed to establish a complaint of the defendant that some material above a door of the building had not been installed when the building was considered by the plaintiff as having been completed. The evidence did support and the plaintiff admitted that a 2 x 4 board in the sliding doors had been notched and that this

constituted a defect. The undisputed testimony was that the cost of replacing this board would be $50.

The jury returned a verdict for the defendant and also answered in the negative an interrogatory as to whether the plaintiff had substantially performed under the contract. The jury also found for the defendant on his counterclaim. The trial court entered judgment for the defendant on the jury's verdict on the plaintiff's complaint and dismissed the defendant's counterclaim. The plaintiff filed a motion for judgment notwithstanding the verdict on the grounds of substantial performance and further asked for a new trial on the issue of damages only. The ruling on this motion was that the trial court reversed the verdict of the jury and held that the plaintiff had substantially performed the contract, but denied that portion of plaintiff's motion which requested that a jury be impanelled to assess damages against the defendant.

It is apparent from an opinion filed by the trial court that the underlying reasoning for the denial of the plaintiff's request for the impanelling of a jury to assess damages was that in a cause of action based on substantial performance of a contract a plaintiff has the burden of proving what if any damages were suffered by the failure to completely perform. It is evident that the trial court concluded that although the plaintiff presented enough evidence to prove substantial performance, it did not present enough evidence to assess the defendant's damages. Succinctly stated, it was the trial court's view that the plaintiff was not entitled to another opportunity to prove what should have been proved in the first instance.

In this appeal the plaintiff contends that this court should remand the case to the trial court with directions to impanel a jury to assess plaintiff's damages as required by section 68.2(a) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.2(a)) for plaintiff's substantial performance of the contract or that the case should be remanded with instructions to impanel a jury for the purpose of determining damages if any which plaintiff would be entitled to based upon the theory of *quantum meruit*. The plaintiff also argues that there was sufficient evidence adduced at the trial to permit a determination of damages and that the case should be remanded with directions to impanel a jury for the purpose of determining the damages in the light of such evidence. The defendant in his cross-appeal requests that the trial court's order be affirmed or in the alternative that a new trial be granted.

In this appeal we are confronted with a perplexing situation. The trial court determined, and we believe rightfully so, that the plaintiff substantially performed its contractual obligations in erecting a building for the defendant, yet denied the plaintiff an opportunity to prove up damages. We deem this to be a perplexing and an undesirable situation,

for it is a time-honored principle of our common law heritage that the law will always give a remedy (*lex semper dobit remedium*). See also Ill. Const. 1970, art. I, §12.

This case does not provide an exception to the principle that the law will provide a remedy. The evidence disclosed that the construction contract price agreed upon by the parties was $13,680 and of that amount the defendant had paid the sum of $8,220. We have heretofore called attention to the fact that during the trial evidence was set forth as to alleged defects in insulating panels, sliding doors, dented gutters, dented metal and a notched 2 x 4 board. It is only in regard to this latter item that any claim of damage could be sustained and that damage was in the amount of $50.

■■■ In building contracts a literal compliance with the provisions of the particular contract and the plans, specifications and drawings is not necessary to a recovery by the contractor. (See 12 Ill. L. & Prac. *Contracts* §402, at 547 (1953), and *Concord Apartment House Co. v. O'Brien* (1907), 228 Ill. 360, 81 N.E. 1038.) It is apparent that the trial court was cognizant of and agreed with this legal principle, yet did not believe that there was sufficient evidence in the record to sustain an award of damages to the plaintiff for substantial compliance with the terms of the contract. We feel otherwise, for recovery for work done may be had notwithstanding slight defects or mere technical and inadvertent omissions. (See *Erikson v. Ward* (1914), 266 Ill. 259, 107 N.E. 593, and *Shepard v. Mills* (1897), 70 Ill. App. 72, *affirmed* (1898), 173 Ill. 223, 50 N.E. 709.) Where a contractor is permitted to recover on the ground of substantial performance, the other party is entitled to an allowance for the sum required to remedy the omissions or defects and to complete the building or work as agreed. *Mason v. Griffith* (1917), 281 Ill. 246, 118 N.E. 18; *Keeler v. Herr* (1895), 157 Ill. 57, 41 N.E. 750.

■■ As previously stated, we agree with the trial court's ruling that the plaintiff had substantially performed the contract; however, we come to a parting of the ways when a determination was made that there was insufficient evidence adduced at the trial of this case to sustain an award of damages to the plaintiff. We will not again set forth a recital of the evidence regarding alleged defects or defective workmanship of which the defendant complained. It should be and is noted that the only proven defect was a notched 2 x 4 which could be replaced at a cost of $50. The evidence established that the defendant was indebted to the plaintiff in the sum of $5,460 on the agreed contractual price. Giving the defendant credit for the sum of $50 for the purpose of correcting the only proven defect, he is still indebted to the plaintiff in the sum of $5,410.

This court is of the opinion that the trial court should be affirmed as to its dismissal of the defendant's counterclaim and as to its order that as a

matter of law the plaintiff had substantially performed the contract. We, however, conclude that the plaintiff is entitled to an award of damages in the sum of $5,410 plus costs of suit and consequently we so reverse and remand this case to the Circuit Court of Kankakee County to enter judgment for the plaintiff in conformance with the views expressed herein.

Affirmed in part, reversed in part, and remanded with directions.

BARRY and STOUDER, JJ., concur.